Préjean et al. vs. Lecompte et als.

---

## No. 1,346.

LOUIS HONORÉ PRÉJEAN ET AL. VS. AIMÉE LECOMPTE ET ALS.

Where neither the principal nor the reconventional demand involves an amount in dispute exceeding two thousand dollars, neither is appealable to this court.

The amounts involved in both cannot be cumulated to establish jurisdiction.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *De Baillon,* J.

---

*O. C. & J. Mouton* for Plaintiffs and Appellees:

The law considers marriage purely as a civil contract. C. C. 86; Toullier & Duvervier Droit Civil Francais, Vol. I, Nos. 488 to 494, inclusive.

The party seeking to recover should establish the marriage as conclusivey as any other fact. Where there is no consent there is no marriage.

Children born out of marriage can be legitimated only by an acknowledgment, and subsequent marriage, under provisions of Article 198, C. C., when the parent has legitimate descendants.

Both parents must concur in the acknowledgment.

*Estillette & Dupré* for Defendants and Appellants:

A mother may accept a donation for her child. An act of donation if not good as donation may be good as an acknowledgment of an illegitimate child, if it embodies what is required for an acknowledgment.

An illegitimate child duly acknowledged by the father is entitled to alimony. C. C. 242.

Whatever relates to the forms of the marriage is directory' and not indispensable to its validity.

A marriage in articulo mortis is as binding as any other.

Where a marriage has been contracted there is the presumption of *omnia rite acta.*

To set aside a marriage for inability to consent, the burden of proof lies with the one assailing it.

Temporary derangement to invalidate a contract must be clearly proven. The situation and incapacity must be apparent.

Sanity as well as capacity to consent is always presumed.

To invalidate a marriage because of the insanity or temporary derangement produced by sickness of one of the parties, at the time, it must be shown that the other could not possibly have been ignorant of his state.

Where there is good faith on the part of one of the parties to the marriage, it is good as to her or him and produces its civil effects.

Good faith is always presumed. 24 Ann. 299.

The law protects the innocent party to a contract.

----

The opinion of the Court was delivered by

FENNER, J. We do not see how it would be possible for us to exercise jurisdiction over this appeal without transcending the mandate conferred upon us by the Constitution.

The plaintiffs, alleging themselves to be the sole legitimate and forced heirs of Louis A. Préjean, deceased, bring the principal action to annul a donation made by their said ancestor to Philomène Préjean with reversion in a certain contingency to Aimée Lecompte.

Various grounds of nullity are propounded. The property was estimated in the donation at $245, but the petition alleges its value at $1500. The evidence fixes its value at about $800.

Of this principal demand, it is clear that we have no jurisdiction.

The defendants filed a general denial and otherwise contest the demand of plaintiffs. They further allege that defendant, Aimée Lecompte, is the widow and surviving spouse of the deceased, Louis A. Préjean, and that Philomène Préjean is his child by said Aimée Lecompte, legitimated by the marriage of her father and mother, and, therefore, his forced heir.

They aver that Louis A. Préjean left a valuable estate, a large portion of which had been disposed of by the plaintiffs; that Philomène is entitled, as heir, to one-third thereof, " which should not be less than

$2000 ;" and they pray in reconvention for judgment " for one-third of the property of the estate in kind, or $2000 in the alternative."

As the amount in dispute does not *exceed* $2000, under defendant's own allegation, it is plain we have no jurisdiction. Even that valuation is enormously excessive under the evidence in the case and is in contradiction of the allegation in plaintiffs' petition that the entire estate left by the deceased amounted to about $2200

There is no question of a fund to be distributed, and nothing in the pleadings or evidence indicates an amount in dispute, under either the principal or reconventional demand, exceeding or even approaching $2000.

It is well settled that the appealable character of the principal and the reconventional demand must each be separately established, and that the amounts of both cannot be cumulated to bring the amount within our jurisdiction. Stevenson vs. Whitney, 33 Ann. 655 ; Smith vs. Insurance Co., id. 1071 ; Colomb vs. McQuaid, 36 Ann. 370.

It is, therefore, ordered that the appeal herein be dismissed at appellants' costs.