Statement of the Case.
NIOHOLLS, O. J.
The dismissal of the appeal in.this case is asked for on the ground that the supreme court is without jurisdiction ratione materias.
George T. Howat obtained a judgment against Hughes Howat for the sum of $400, with interest. A writ of fi. fa. issued on this judgment, directing the sheriff to make the amount of the judgment by seizure of property of the defendant. The sheriff was given a memorandum of property which he was to seize under the writ. A mistake was made in the seizure; property belonging to John R. Howat being seized instead of property of Hughes Howat.
The sheriff’s return upon the writ shows that the seizure under the writ was made on the 21st of November, 1901, and that the same was recorded on the same day in the office of the recorder of mortgages for the parish of Orleans; that the seizure was -released on the 27th of November, 1901, by order of plaintiff’s attorney. A notice of seizure directed to Hughes Howat, the judgment debtor, had been served on him in person on the 23d of November, 1901.
On the 20th of November, 1901, John R. Howat, the owner of the property which was thus erroneously seized, applied for and obtained an order for an injunction. In his petition for the same he set out his ownership of the property seized, and averred that seizure of the same as property of Hughes Howat was illegal. He declared the seizure to be a slander upon his title, and that he had suffered damages therefrom to an amount of $1,100, — $100 as actual and $1,000 as punitory damages. He prayed that the plaintiff in execution and sheriff be cited; that an injunction issue, preventing the sale of the property; that the seizure be set aside and declared a nullity; that the property seized be decreed to belong to the plaintiff in injunction; and that he recover judgment for $1,100.
An injunction issued on the 27th of November, and was placed on that day in the hands of the sheriff. The petition for and the order for injunction, and the injunction itself, were served on the same day upon the plaintiff in execution.
The attorneys of the seizing creditor became aware while this petition was being copied by the clerk of court that property of John R. Howat was claimed to have been seized under the writ of fi. fa., instead of property of the judgment debtor, and they immediately ordered the sheriff (on the 27th of November) to release the seizure, which was accordingly done.
Though the seizure was released, the injunction suit afterwards went to trial, and resulted in a judgment of the district court perpetuating the preliminary injunction, without costs, and dismissing the suit for damages.
Opinion.
The plaintiff in injunction applied for and obtained an order of appeal to this court from that judgment, and our jurisdiction over the appeal is now called in question. It is not claimed that the property seized was not worth over $2,000, but it is contended by appellee that the only matter in dispute is the question of damages; that the ownership of the property was not an issue in the case at the time of the trial, as the plaintiff in execution, by releasing the seizure, had conceded that his judgment debtor was not its owner, and that there had been error in making the seizure.
Appellant maintains that “the district court declined or neglected to pass upon his title, or to quiet him in the same, and he had the right to ask this court to pass upon the same.”
Appellant was never deprived of the actual possession of the property. The seizure was a paper seizure, and it was released by order of attorneys of plaintiff in execution before this .case went to trial. Neither the seizing creditor nor the judgment debtor, in *125 fact, claimed to be the owner of the property as against appellant. The injunction proceeding was not a petitory action proper. The question of ownership was only raised as resulting incidentally from an -ex parte proceeding, and, when the seizing creditor released the seizure and confessed error, that issue went out of the case, leaving open only the question as to whether damages to appellant had resulted therefrom, and, if so, whether, under the circumstances on which the seizure was made, either the sheriff or the seizing creditor, or both, had become legally liable for the same, and, if so, to what amount. The district court passed upon that issue, which involved only $1,100. There was no necessity for it to pass expressly upon the question of title. It considered that question in so far as it involved the ascertainment of the right of plaintiff to claim damages. In perpetuating the injunction, it recognized the appellant as owner of the property seized.
We are of the opinion that this court is without jurisdiction in the premises. There is no issue of ownership to be determined by us. The correctness of the judgment as to damages must be passed upon by some other court. See Kaufman v. Cade, 107 La. 164, 31 South. 626.
The appeal is, for the reasons assigned, hereby dismissed.