BREAUX, C. J.
Harvey Wilber Smith was appointed dative testamentary executor of the last will of the late Dr. M. A. Dauphin by tbe judge of the district court.
Some time after his appointment — that is, on the 18th March, 1903 — he presented a provisional account to the court for its homologation and approval.
It consisted of items of expenses with which this executor had charged himself. .
To this account Mrs. Eosa L. Dauphin objected, and filed an opposition on a number of grounds — mainly, that she was at the time contesting the proceedings by which he (Smith) was appointed dative testamentary executor, and attacking the legality of his appointment on appeal before this court. She averred that Smith had not been legally appointed, and that his asserted appointment was a nullity; that the succession of M. A. Dauphin had been settled, and the executor discharged; and that the appointment was beyond the jurisdiction of the court.
She urged that her property had been seized and sold, and that the proceeds were in the hands of said Smith, and that, in event of judgment in her favor on appeal, she would be entitled to its return to her, and that, without regard to result of her appeal, she was entitled to have the proceeds of the sale of her property legally disfribitted. She sets out in this opposition that the sale of her property in satisfaction of a fi. fa. was null; that the items charged on the account are not due by her.
The prayer of the petition of opposition has special bearing in this case regarding the extent of the relief asked — that the account be disallowed and rejected, and that it be adjudged and decreed that H. W. Smitli is not dative testamentary executor of the estate of M. A. Dauphin; that the estate is closed; and that all her rights against Smith, personally and as asserted executor, be reserved.
Tbe account was approved and homologated. It is from the judgment approving and homologating this account that Mrs. Eosa L. Dauphin appeals.
On appeal the pleadings and proceedings had in the succession of M. A. Dauphin and in the suit of Sherburne G. Chojipin and others against Mrs. M. A. Dauphin were made part of the proceedings in the present case before us for decision.
The following offer was made by counsel for Mrs. Dauphin in the district court on trial of the case:
“The pleadings and proceedings had in the succession of M. A. Dauphin and in the suit of Sherburne G. Choppin and others against Mrs. M. A. Dauphin, as they appear now in the transcript now on file in the Supreme Court; it being agrega and understood that the transcript there, in case of appeal by either party, shall be taken and deemed part of the transcript in this matter, which shall be completed by the making of the transcript of ail the pleadings and proceedings, together with such pleadings 'and proceeding's as have been had since the date of the appeal.”
*211 Counsel for plaintiff in the ease offered in evidence, and it also was admitted, “Brief in the Case of Succession of M. A. Dauphin.”
After the judgment of homologation and approval had been entered, this court, in the case before mentioned, of Choppin et al. against Rosa L. Dauphin, rendered a decision setting aside the judgment.
On Motion to Dismiss the Appeal.
In this court counsel for appellee moved to dismiss the appeal on the ground that the fund distributed by the dative testamentary executor, Smith, was $1,448.50, total amount in his possession and subject to his control. This motion to dismiss the appeal for want of jurisdiction ratione materise presents the first issue to be disposed of in the case.
It is, as alleged by appellee, as relates to the provisional account: The alleged asset of the succession is the sum set out in the motion, and, if there were no other evidence before the court, the grounds urged in the motion would have to be sustained.
But there is other evidence before us regarding the active assets. They amount to many thousands. The record introduced in evidence, before mentioned, shows that the sums involved are' surely within the jurisdiction of this court:
The brief introduced also contains a statement of the facts, and shows beyond all question that the issue is not limited to the small amount mentioned on the provisional account.
As to the amount of $1,448, the statement is correct. It is evident, however, that the dative executor will necessarily have possession and management of large sums, were he to continue in his trust as executor under the appointment heretofore made.
The question is jurisdictional, and, where it is made to appear that the dative executor will be called upon to settle a large succession, although the amount carried on the first account is small, this small amount will not be taken as controlling in determining an issue of jurisdiction. This testimony was admitted without objection, and cannot well be overlooked in deciding whether or not this court has jurisdiction.
The motion to dismiss is overruled.