(42 South. 426.)

No. 16,375.

SEWERAGE & WATER BOARD v. THELEN et al .

(Nov. 26, 1906.)

APPEAL—JURISDICTIONAL AMOUNT—CUMULATION OF CLAIMS.

Where, by reason of the acceptance of a portion thereof, a fund deposited in court for distribution is reduced below $2,000, and no single claim is left, whether against such fund or against either of the litigants, amounting to that sum, this court is without jurisdiction of the appeal, and the independent claims of the litigants, each for less than $2,000, cannot be cumulated, with the effect of conferring such jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 276–292.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by the Sewerage & Water Board against Peter Thelen and others. Judgment for plaintiff, and defendant Thelen appeals. Transferred on conditions to the Court of Appeal.

Horace Marshall Roberts, Charles Louque, and Carleton Hunt, for appellant. Amer Villeré and Philip Stephens Gidiére, for appelle Sewerage & Water Co. Denègre & Blair, for appellee Fairbanks Co.

MONROE, J. Plaintiff herein deposited in the registry of the district court $4,985.02 as a balance admitted to have been earned by Peter Thelen under a contract, and subsequently deposited the further sum of $438.35, admitted to be due for extra work (the total amount deposited being $5,423.27), and it cited Thelen, the Fairbanks Company, and Conrad Kolb to interplead, to the end that the claims asserted by them, respectively, as against said fund, might be determined.

Thelen answers, alleging that plaintiff owes him $6,329.99, and that the claim asserted (against him, against the fund deposited, and against plaintiff) by the Fairbanks Company is excessive by $1,350.32, and praying for judgment against plaintiff for said sum of $6,329.99, with interest, subject to a charge of $600 in favor of Conrad Kolb, and for recognition and enforcement of his right to withdraw, as payment on account, the $4,985.02 (first) deposited by plaintiff. He further prays that the claim asserted by the Fairbanks Company be dismissed, or, if not dismissed, that he have judgment in reconvention against said company for $1,350.32. The Fairbanks Company alleges that Thelen owes it $4,991.64, with interest, and that plaintiff is likewise liable for that amount, and it prays for judgment accordingly, and that the amount ($4,985.02) deposited in court be paid it on account. Conrad Kolb appears, asserting a claim against Thelen for $600 and a right to have the same paid out of the fund deposited. The claim of the Fairbanks Company was admitted to the extent of $3,634.70, and by consent that amount was paid from the fund on deposit and credited on the claims of said company and of Thelen against plaintiff, and of the company against Thelen. We find in the record the following admission, to wit:

"It is admitted that the only two items in dispute between the Sewerage & Water Board and Mr. Peter Thelen, on the bill which he has filed in this court as part of his answer, are * * *. Therefore the amount in dispute is $1,346.03."

The payment to the Fairbanks Company reduced the claim of that company to $1,356.94, and reduced the fund to be distributed to $1,788.57; and there is no dispute as to the claim of Conrad Kolb.

There was judgment in the district court in favor of Thelen, and against plaintiff, for $75 over and above the amount deposited; in favor of the Fairbanks Company, and against Thelen, for $1,356.94, less $1,119.72, allowed him on his demand in reconvention; and in favor of Conrad Kolb, and against Thelen, for $600, with recognition of Kolb's right to priority of payment on the fund in court next after the Fairbanks Company.

From the judgment so rendered we are informed that the Sewerage & Water Board and the Fairbanks Company appealed to the Court of Appeal, whilst Thelen appealed to this court. The two litigants first above named now move to dismiss the appeal taken by Thelen, on the ground that the amount in dispute is below the jurisdictional limit of this court. We are of opinion that the motion should be sustained. The fund to be distributed has been reduced to $1,788.57, and neither litigant is claiming, whether as against that fund or as against either of the other litigants, a sum equal to $2,000. Zacharie v. Lyons, 22 La. Ann. 618; Kaufman, Agent, v. Cade, Sheriff, 107 La. Ann. 144, 31 South. 626; Howat v. Howat, 109 La. Ann. 122, 33 South. 106. The independent claims of the litigants cannot be cumulated, with the effect of conferring jurisdiction. Tague v. Royal Ins. Co., 38 La. Ann. 456; Prejean v. Lecompte et al., 41 La. Ann. 747, 6 South. 552; State ex rel. Bobet Bros. v. Judge, 42 La. Ann. 1084, 8 South. 266.

Agreeably to the provisions of Act No. 56 of 1904, it is therefore ordered, adjudged, and decreed that, in the event that the appellant, or his attorney of record, makes oath, before the expiration of six judicial days from the day upon which this decree is handed down, that the appeal herein was not taken for the purpose of delay, this cause be transferred to the Court of Appeal for the parish of Orleans, to be there proceeded with according to law, and that, in case such oath be not so made, said appeal be, and is hereby, dismissed at the cost of the appellant.