BREAUX, O. J.
This is a legal controversy growing out of the claim of .Malvina Scott, who avers that she is the surviving sister of Alexander Scott, on the one hand, and Mrs. Epps, who denies that Malvina Scott is the sister of Alexander Scott.
Mrs. Epps claims that she was the sister of the late Alexander Scott, and that she is entitled to her succession, consisting as he avers of one-half of the community which existed between Harriet Scott and Alexander Scott, deceased.
Malvina Scott, on the contrary, denies that Mrs. Epps is the sister of Alexander Scott.
The late Alexander Scott died in 1890 in the city of New Orleans. The succession was opened originally by the public administrator, as there were no known heirs.
The alleged sister opposed the administration of the public administrator. Her opposition was maintained, the administrator withdrew, and she was appointed administratrix.
While the administrator had charge he had an inventory taken, bearing date, April 30, 1901.
It shows that the assets of the succession amounted to $2,023.50.
Malvina Scott, wife of William Stewart, and Mrs. Mary W. Franklin, in their affida *846 vit annexed, declared that Malvina Scott, wife of William Stewart, is the surviving sister of Alexander Scott, and that Scott was never married and had no forced heirs; that all of his brothers and sisters died without heirs except Malvina Scott, who is, as set forth in her affidavit, the sole heir of her late brother.
Because of this alleged relationship, Malvina Scott was appointed administratrix, and letters of administration were issued to her on the 21st of May, 1907.
On the 27th day of May, 1907, Malvina Scott, administratrix, filed a petition in which she alleged that the succession owed debts, and annexed a list of debts to her petition showing that they amounted to $974.51.
An order was issued by the court on May 27, 1907, to sell the property, and in accordance with it the property was sold after advertisement and usual delay.
The property brought the sum of $2,225.
On the 20th of October, 1907, the said Mrs. Epps, widow of E. J. Epps, opponent, filed her opposition in which she opposed the final account and tableau of administration of the said Malvina Scott, administratrix. In her petition of opposition, she averred that there was a balance, which balance the administratrix, Malvina Scott, intended to retain as her individual property, as she avers that she is the sole and only heir of the late Alexander Scott; and, further, that the lot of ground and improvements in the Fourth District, Square 8 of Pillie’s Plan and 10 of Blanchard, Deputy Surveyor’s Plan, dated 1872, was inventoried and sold in the succession of Alexander Scott; that this property was acquired during the existence of the community between Harriet Scott and her husband, Alexander Scott, on the 26th day of May, 1873, by act passed before Castell, notary; that Harriet Scott, wife of Alexander Scott, departed this life in the city of New Orleans on the 14th day of October, 1890; that she, Malvina Scott, caused the succession of her sister to be opened in the district court and obtained an order recognizing her as the sole and only heir of the deceased, and that as such she was put in possession of the undivided half of the property.
These proceedings were conducted in the district court in her name ex parte and it only involved the recognition of the alleged sister, Malvina Scott, on her own averment and without notice to any one as no notice is expected in such proceedings.
Opponent, Mrs. Epps, alleged that the property brought $2,200 at public auction, which amount is now in the possession of the administratrix, Malvina Scott, who claims to be the sole heir and next of kin of Alexander Scott, and that her intention as such is to retain the whole amount and not the half, although she (Malvina Scott) according to this opponent is not the sister of Alexander Scott.
Opponent then claims that she, being the sister of Harriet Scott, deceased wife of Alexander Scott, is the true and lawful owner of the one undivided, half of the proceeds of the community property, which she claims she inherited as the sole sister of Harriet Scott, for the reason that it was acquired by the community as before stated.
The claim of this opponent is that she is entitled to recover from Malvina Scott, individually and as administratrix, the sum fixed at $1,100, being half of the proceeds of the property inherited by her and sold in the succession. According to the inventory before noted and the sale referred to above it would be a few dollars over the amount. The difference in the amounts does not have the effect of changing the issues before us for decision.
She (opponent) asks in addition that the account and tableau of distribution, filed by Malvina Scott, as administratrix of Alex *848 ander Scott, be so amended as to recognize her (petitioner or opponent) as the true and lawful owner of tbe one-half of the price of the real estate above referred to.
On the 30th day of October, 1907, this final account of Malvina Scott was approved and homologated in so far as not opposed.
The opponent was a party to the proceedings at the time that the account was homologated in SO' far as not opposed. She did not offer the least objection.
On the 13th day of January, 1908, that part of the account not previously approved and homologated was called up for action by tbe court.
The evidence was heard, and the district court rejected the demand of opponent, Epps, and dismissed her opposition.
The opponent appealed from the judgment.
First as relates to jurisdiction.
The court is without jurisdiction.
The total inventory was $2,023.50. The property sold for about $2,200.
The opponent asked to be recognized as the owner “of the undivided half of the proceeds of the property,” to wit, “the sum of $1,100.”
The amount is one sum. There is no question about distributing a fund.
The issue is directly presented for the last-mentioned sum of $1,100.
This is not all.
The administratrix filed a final account of her administration. The costs and the debts of the succession according to this account amounted to the sum of $1,125.94.
The account, we have seen, was homologated in so far as not opposed. The opponent was a party to the proceedings when the account was homologated so far as not opposed. Without opposition the sum was reduced to an amount less than $2,000. From any point of view, the amount in contestation is not within the jurisdiction of this court.
The cause is ordered transferred to the Court of Appeal in order that the Court of Appeal, parish of Orleans, may proceed with the same in the same manner as if it had been appealed to that court originally.
It is ordered, adjudged, and decreed that due transfer of the cause be thus made, provided that before said- transfer is made and within 10 days after this decision and decree will have been handed down, the appellant or her attorney of record shall make oath that her appeal was not made for the purpose of delay.