SUCCESSION

      OF                      No. 7378.

FRANK  A.  VON PHUL.

Dec 23ᵈ 1918

ON APPLICATION FOR REHEARING.

CHARLES F. CLAIBORNE, JUDGE.

Mrs. C. E. Feldner has applied for a rehearing.

She suggests for the first time that this Court is without jurisdiction over the controversy herein for the reason that the Inventories of this Succession disclose assets valued at $2392.50. In support of her suggestion she refers to Article 85 of the Constitution which reads as follows:

"The Supreme Court, except as hereinafter provided, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases where the matter in dispute, or the fund to be distributed, whatever may be the amount therein claimed, shall exceed $2000 exclusive of interest &c".

The Constitution of 1812 contained a similar clause: "The Supreme Court shall have appellate jurisdiction only, which jurisdiction shall extend to all civil cases when the matter in dispute shall exceed the sum of Three hundred Dollars".

So Did the Code of Practice. Art. 570:

"An appeal lies from all judgments rendered by the District Courts of the State when the matter in dispute shall exceed five hundred dollars".

C.P. 1049:

"Appeals shall be carried from the Courts of Probate directly to the Supreme Court in all probate matters when the amount in dispute shall exceed five hundred dollars, exclusive of interest".

The Constitution of 1845, 1852 and 1864 and 1868 were the same as the one of 1812.

The Constitution of 1879 was the first to add the words: "or the fund to be distributed, whatever may be the amount there-

in claimed". But the addition was only an affirmance of the former jurisprudence, since the Supreme Court had already interpreted the "matter in dispute" to include "the fund to be distributed".

In 3 Rob. 5 the Supreme Court said:

"When creditors of a succession are litigating their rights in a concurso, an appeal will lie to the Supreme Court when the value of the Succession exceeds $300, though the claim of each creditor may be for less"

The jurisprudence has remained the same ever since:

See 21A., 487; 28 A., 935; 29 A., 327; 30 A., 625; 34 A., 1067, 1140; 39 A., 570; 40 A., 828; 41 A., 620, 668; 43 A., 423, 977; 45 A., 156; 47 A., 1581; 48 A., 762; 49 A., 1457; 50 A., 404; 51 A., 1035, 1703; 104 La., 771; 113 La., 208, 406; 141 La., 842; L La. Dig. 271, 275.

In a concursus proceeding by an owner against the materialmen to distribute an amount exceeding the jurisdiction of the Supreme Court, all parties may appeal to that Court although no individual claim reaches the jurisdiction of that Court. 24 A., 442; 26 A., 371, 372; 15 A., 661; 27 A., 503; 11 Ct. App. 29.

Mrs. Feldner relies upon the following authorities: Succession of Johnson, 141 La., 842, In Re New Iberia Cotton Mills, 113 La., 406, Brierre vs Their Creditors, 43 A., 423 and Succession of Romero 43 A., 977.

In the Johnson Case the property of the Succession was appraised at $3133.20; the Executor filed an account by which the total assets shown were $1920.10, and the total amount for distribution was $1570.27. The heirs opposed the account on the ground that the executor had not accounted for all the items of the Inventory *exceeding $2000.* It thus appears that the executor had, or should have had, on hand "a fund to be distributed" in excess of $2000 and that was the matter "in dispute". Const. Art. 85.

In the New Iberia Cotton Mills case the account filed showed that the receiver had collected $2462.02 and paid out

$1067.10, leaving in his hands $1394.92 in cash; it further showed total assets collected and to be collected amounting to $8886.26, and total liabilities $26,065.67. The Court said: "In cases of insolvency, the test is not the amount actually distributed under a provisional account, but the amount of the fund to be distributed in the case. Brierre vs Their Creditors 43 A., 423. The account in question shows that this fund exceeds $8000".

In Brierre vs Creditors the appeal was from a judgment homologating an account which proposed to distribute a fund of $1021.23. But the insolvency involved a fund to be distributed thereafter, and still in the hands of the Receiver, exceeding $2000. The Supreme Court maintained it jurisdiction, which, said the Court, could not be defeated by the Syndic in filing successive accounts each of less than $2000.

In the Succession of Romero the Administratrix sold property of the Succession to the amount of $8618.25. The administratrix alleged that she had rendered "an account, paid the debts, and partitioned and settled with her emancipated brother"; she alleged that the only property remaining consisted of two tracts of land of the value of $850, and she prayed to be authorized to deliver them to the heirs and to be discharged as administratrix. Opposition was made to her petition by persons claiming to be creditors of Romero for $1300. The Supreme Court held that it had jurisdiction because the administratrix had distributed the property of the Succession without judicial authority, and that the matter in dispute involved the legality of all her acts as administratrix of a fund of $8618.25.

But in the case under consideration there is no matter in dispute nor fund to be distributed exceeding $2000, It is true that the Inventories amount to $2392.50. But there were two accounts filed. A provisional account which distributed $609.37 among privileged creditors. A second account, styled a "final account", according to which "the remaining funds to be distributed" amounted to $857.87. This final account did not mention the real estate in the Parish of Orleans appraised at

$350; but it appears by the petition of the administratrix, for the sale of the property of the Succession to pay debts, and sworn to, that all of said real estate had "been seized under foreclosure proceedings and sold for the purpose of paying the mortgages resting against it, and that the property had not realized enough to pay the amount of the encumbrances resting against them". This account otherwise included all the assets remaining for distribution in the hands of the administratrix and showed that they amounted only to $857.87.

Mrs. Feldner in her opposition claimed only $940.50.

In the Succession of Duran, 34 A., 585, the Administrator filed an account proposing to distribute $2692.00. The City of New Orleans opposed the account claiming to be a creditor for $237.60. The account was homologated so far as not opposed, and the entire funds distributed in accordance therewith, "leaving open for contestation, and the only fund remaining for distribution, the amount in controversy between the City and the Succession for the taxes mentioned". The Court said: "The only amount that can possibly be distributed or paid by or under any judgment of this Court, and in fact the only amount involved when this appeal was filed, and even before it was taken, is the sum in litigation. The fund to be distributed is only $237.60 and the amount claimed therein is just $237.60, thus plainly demonstrating that the matter in controversy is not within the limits of our jurisdiction".

The Succession of Duran was affirmed in the Succession of Mc Dowell, 35 A., 1025.

In the Succession of Gohs, 37 A., 428 (429), the Court said: "The amount in the hands of the Executor, remaining for distribution, is $1345, the rest having been previously distributed under a prior judgment, homologating the executor's account wherein not opposed, and which judgment has become final, no appeal from the same having been taken". The Successions of Duran and of Mc. Dowell were affirmed by name.

In the Succession of Romero, 43 A., 975 (977), the Court

said: "This Court has decided that where there was a final judgment homologating an account of administration, and authorizing partial distribution, so that the funds remaining for distribution were reduced to an amount less than $2000, it has not jurisdiction. Succession of Duran, 34 A., 585; Succession of Mc Dowell, 35 A., 102". 42 A., 516; 105 La., 322; 117 La., 923; 121 La., 843.

The Succession of Duran, the Succession of Mc Dowell, and the Succession of Gohs were again affirmed by name, under like state of facts, in State ex Rel Carran, 44 A., 819. See Also In re Southern Liquor Co., 49 A., 1455; 50 A., 518; 107 La., 144.

In the case of Petit & Boh Co., 128 La., 165, the liquidators filed an account. An opponent alleging himself a creditor for $1100 asked to be placed upon the account; he did not oppose any item. The account was homologated so far as not opposed, and, with the consent of the opponent, the funds in the hands of the liquidators were all distributed with the exception of $1100 by them reserved to meet the opposition. The Supreme Court held that the only funds in dispute were $1100, and that it had no jurisdiction, quoting 37 A., 429 and 42 A., 517. See Also 30 A., 370; 35 A., 19; 42 A., 516; 50 A., 471.

We therefore conclude that this Court properly exercised jurisdiction over this case.

Mrs. Feldner also charges that our opinion is in conflict with that of the Supreme Court in Villavaso vs Creditors, 48 A., 946. In that case the advertisement read:" The purchasers to take said property x x free from any and all other claims, except the payments due upon said leases, amounting to $926.00 and $1015.00". These two items comprised the rent to become due up to the expiration of the lease. The lessors became the adjudicatees for the price of $454. The Supreme Court held that by that purchase the lessors had put an end to the lease; that the syndic owed them nothing and that they owed the syndic $454.

We intrepret our decision to be in line with the Villavaso case.

Rehearing refused.