## No. 122.

### SUCCESSION OF EMMA McDOWELL.

This Court has no jurisdiction over an opposition to an executor's account, when the amount claimed is less than one thousand dollars, and there is no other fund to be distributed. Succession of Duran, 34 An. 585, affirmed.

APPEAL from the First District Court, Parish of Caddo. *Taylor*, J.

*J. L. Hargrove* for Opponent and Appellant.

*Land & Land* for the Executor, Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The executor moves to dismiss the appeal of the Wheeler & Wilson Manuf'g Co., taken from a judgment rejecting their demand to be placed on the account presented by him.

It is insisted that the amount claimed by the opponents being $75, and constituting the fund to be distributed, this Court is without jurisdiction *ratione materiæ* over the controversy.

The account proposed a distribution of quite a large sum. That distribution was opposed by the Company, with a demand to be placed on it for the sum stated : $75.

The court rendered a first judgment homologating the account and directing a distribution of the funds on hand. By the same judgment, the executor was instructed to retain a sufficient sum of money to pay the claim of the opponent, should the same be thereafter allowed, and the opposition was reserved for future adjudication. There were abundant funds to pay all subsequently ; the opposition was taken up, tried and rejected with costs.

The opponent then appealed from this last judgment, the previous one remaining unquestioned.

It is evident that the only fund which can be ordered to be distributed is that reserved to meet the claim of opponent, which is $75.

The case cannot be distinguished from that of the succession of Duran, 34 An. 585, in which we held, that where there was a judgment homologating an account of administration, as far as not opposed, which has become final, and where the only opposition thereto was a claim for less than one thousand dollars, $1000, this Court had no jurisdiction to determine the merits of the controversy.

The subsequent ruling of this Court in the Renshaw case, 34 An. 1140, cannot avail the opponent. The Court there held, that, although the claim of the third opponent was for one thousand dollars, to be

129

paid out of the proceeds of sale, $12,500, the controversy involved a distribution of that last amount, which had not previously been ordered to be distributed.

The motion must prevail.

It is, therefore, ordered that the appeal herein be dismissed with costs.

Poché, J., dissents, adhering to his opinion in the Duran case.

### DISSENTING OPINION.

POCHÉ, J. For the reasons given in my dissenting opinion, in the case of the succession of J. M. Duran, I dissent from the opinion and decree of the majority of the Court in this case.