## No. 9317.

SUCCESSION OF L. C. GOHS.—OPPOSITIONS TO ACCOUNT OF EXECUTOR.

This Court has no jurisdiction over an opposition to an executor's account when the amount claimed is less than $2000, and the fund to be distributed does not exceed that amount; and on its own motion must dismiss the appeal.

A creditor has no right to oppose each and every *item*, on a tableau of distribution, in a thoroughly solvent succession, where, *after* an amount amply sufficient to meet his claim has been retained, the payment of such *items* cannot possibly affect or injure him.

Succession of Gohs.

Such an opposition, for want of interest in the opponent, is frivolous on its face and cannot arrest the distribution, *except* so far as may be necessary to provide for payment of the claim, if ultimately allowed.

Where the fund thus arrested does not exceed $2000, an appeal does not lie from the judgment on the opposition to this Court, which is devoid of jurisdiction.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*J. D. Coleman* and *J. P. Hornor* and *F. W. Baker* for Opponents and Appellants.

*B. R. Forman* for Defendant and Appellee.

The opinion of the Court was delivered by

TODD, J. Widow Louisa Fritz and J. N. Folwell, by separate oppositions to the final account of the executor of Gohs' succession, seek to be recognized as creditors respectively of said succession—one for $1095, and the other for $250; and appeal from a judgment rejecting their demands.

The amount in the hands of the executor remaining for distribution, is $1345, the rest having been previously distributed under a prior judgment, homologating the executor's account wherein not opposed, and which judgment has become final, no appeal from the same having been taken.

Therefore, whether we consider the amount of the demands sought to be enforced or the amount of the funds for distribution, it is plain that this Court is without jurisdiction.

The case comes clearly within those of Succession of Duran, 34 Ann. 585, and Succession of McDowell, 35 Ann. 1025.

The appeal is, therefore, dismissed.

## CONCURRING OPINION.

BERMUDEZ, C. J. It is not denied that, if a case be appealable at the date of the judgment, its character, in that respect, cannot be altered *after* judgment, so as to deprive the aggrieved party of the right of appeal, but it is undeniable that, if there be only one judgment and it is divisible, or two judgments which are independent, and the aggrieved party appeals from a part of the judgment, or from that which passes upon an appealable demand, thus acquiescing in the part of judgment or other judgment unappealed from, this Court must *proprio motu* dismiss the appeal, if it be from an unappealable demand.

In the present case, two judgments were rendered: *one* homologating the account, as far as not opposed, virtually ordering the distri-

bution of a sum exceeding $2000; and *another* judgment on the opposi-
tions, which together call for less than that sum; which judgment
directs the distribution of a sum less that $2000, retained to meet the
oppositions.

The appeal is taken not from the *first* distributing more than $2000,
but explicitly from the *second* judgment, which directs a distribution
of less than that sum.

The rulings in the Successions of Duran and McDowell, 34 and 35
Ann., far from having been deviated from, have been faithfully ad-
hered to.

It is unnecessary now to express any opinion on the right of appeal
of an opponent who would claim less than $2000 and, with just cause,
oppose an account proposing to distribute a fund exceeding that
amount. The question is not presented and need not be determined.
It is sufficient that the fund ordered by the second judgment, which is
that appealed from, to be distributed, does not exceed $2000, to justify
a dismissal *proprio motu*.

I, therefore, concur.

---

## DISSENTING OPINION.

POCHÉ, J. I cannot concur in the dismissal of the appeal in this case.

The Constitution (Art. 81) vests this Court with jurisdiction over all
cases in which the fund to be distributed, *whatever be the amount therein
claimed*, shall exceed two thousand dollars.

From the final account of administration presented by the executor,
it appears that the fund to be distributed amounted to $6629.

It has been so often said by this Court, even as at present composed,
that it may be considered as elementary, that the jurisdiction of the
appellate tribunal must be tested exclusively under the showing made
by the pleadings, and that it cannot be affected by the judgment ren-
dered or the judgment appealed from.

Hence, in the cases of the State ex rel Railroad Company vs. Judge,
34 Ann. 864 and 1117, it was twice held by this Court, that in a case
where our jurisdiction attached under the pleadings, it could not be
affected by a subsequent proceeding, in the shape of a *remittitur* after
judgment, by the effect of which the claim of the plaintiff was irrevocably
reduced to a sum less in amount than the lower limit of our jurisdiction.

Carrying out the principle therein announced, it would seem to follow
that, in this case, over which the jurisdiction of this Court was
avowedly vested under the pleadings, it could not be divested by a
subsequent act of the judge, and much less by his judgment.

The reliance on the opinion in the case of Duran's Succession, 34 Ann. 585, cannot avail; that case was practically overruled by the two mandamus cases above referred to.

Hence it is doubtless that appellee's astute counsel did not even intimate our want of jurisdiction in this matter, but actually joined in the appeal and prayed for an amendment of the judgment.

But this appeal should be maintained even if the Duran decision is still authority. The theory of that case was that the judgment which dismissed appellant's opposition, homologated at the same time the account of administration so far as not opposed, thus reducing the fund remaining in the hands of the administrator to an amount less than the lower limit of our jurisdiction.

In the instant case, the judgment on the oppositions was rendered, (although not signed) before the judgment of homologation of the account so far as not opposed. It, therefore, appears that when opponents were thrown out of court, the fund to be distributed had not yet been reduced, under the process illustrated in the Duran case; and, that it was yet in the sum of $6629, an amount more than sufficient to give us jurisdiction.

I, therefore, sincerely believe that there is error in the judgment of dismissal.

Mr. Justice Fenner concurs in this opinion.

---

## ON APPLICATION FOR REHEARING.

BERMUDEZ, C. J. The appellant claims that there is error in the judgment dismissing her appeal for want of jurisdiction. She says the court decided that the fund to be distributed does not exceed $2000, when the fact is *that it does*. She represents that the entire fund which the executor proposed to distribute, by his account, exceeds $6500, and that she has opposed each and every *item*, which together aggregate that sum. She therefore urges that the fund to be distributed exceeds $2000 and that we have jurisdiction.

The complaint rests upon the assumed but groundless theory that a creditor has a right to oppose each and all the items of an account of distribution, in a thoroughly solvent succession, when a distribution of the surplus of his claim could not possibly injure him.

No doubt a creditor has a right, where his interest may be jeoparded by a distribution of funds, to oppose such distribution, but so far only as to have ample provision made to cover his claim, in capital, inter-

est and costs, should it be finally allowed (14 Ann. 863); but he has no right to obstruct a distribution of the surplus where such distribution can, in no possible contingency, affect his interest injuriously.

In the present instance, the fund proposed for distribution was $6500 and more; the debts and charges were about $825; the residue about $5800, accruing to the legatees, special and residuary. The oppositions to the amount called for $1350, in capital.

The opponents surely were entitled to ask to be placed on the account from which they had been omitted; but as there were ample funds to pay the debts in full (those stated, in the account and those mentioned in the opposition), and there was thereafter a large amount accruing to the legatees, the opponents had no interest, and therefore no right, to oppose a distribution among the creditors and the legatees, except as was necessary to secure a reserve from the residue to satisfy their demands, in case they were finally allowed.

The law distinctly provides, in cases of oppositions to accounts in succession matters, that if the decision thereon be appealed from, the succession representative is bound to retain a sufficient sum to satisfy the claim on which the opposition is made, with interest and cost; but that he cannot, under pretext of this appeal, refuse to distribute among the creditors, whose debts and privileges are not contested, the surplus remaining after this sum being retained. R. C. C. 1187; 12 Ann. 72.

It is true in this case that all the *items* were opposed, but this was done without a sufficient showing of interest to arrest the whole fund. The oppositions could prevent a distribution only for an amount sufficient to pay the opponents eventually. Beyond that, they were frivolous on their face, and on that account could not give this Court jurisdiction.

The only fund arrested and not disposable for distribution was the $1345 retained to meet the oppositions eventually. Interest and costs could not swell the capital, and it is over the capital that the jurisdiction of this Court is authorized to extend.

The judgment *first* rendered did not direct specially a distribution of funds, as it was unnecessary that it should. The judgment *secondly* rendered sustains one opposition, amends and homologates the account and orders that the funds be distributed accordingly. What funds? Evidently not those to be distributed by the account, but those retained by the executor to meet the oppositions.

We are at a loss to perceive how, *after* the executor had retained the $1345 with interest and costs, claimed by the opponents, these could have any *interest,* and in the absence of such any *right,* to impede by an

unreasonable and unjust opposition a distribution of the entire funds, as to others, whose payment could in no way injure them. They cannot be permitted thus, inequitably, to wrong others and clog the liquidation of the estate.

It is manifest from the pleadings that in no possible contingency can this Court render, on the opposition of appellant, a judgment either *ordering* or *denying* the distribution of a fund exceeding $2000. The rulings in the successions of Duran and McDowell are affirmed.

We, therefore, conclude that there is no error in our previous decree which dismisses the appeal for want of jurisdiction.

Rehearing refused.

---

## DISSENTING OPINION.

POCHÉ, J. Appellants' counsel call our attention to a feature of the judgment appealed from which had been entirely overlooked by the majority as well as by the minority of the Court in the first opinions herein rendered.

It is this: that no order of the district court directing the distribution of the funds of the succession had been rendered previous to that contained in the judgment signed on the 25th of November, 1884, and that the judgment of July 3d of the same year contained no direction touching the distribution of the funds.

That portion of the former judgment hereinabove referred to reads as follows: "It is further ordered that the opposition of Dr. J. N. Folwell be maintained in so far as to order the executor of this succession to amend his account herein filed by placing said opponent, Dr. J. N. Folwell, thereon for the sum of one hundred dollars; and as amended, it is ordered *that the said account be finally approved and homologated, and the funds distributed accordingly.*" (The italics are mine.)

It is respectfully suggested that no rational doubt can be entertained as to which *funds* the district judge referred to in the language quoted, not more than as to which succession he contemplated.

It is clear beyond contention that he referred to the funds of the succession which were yet in the hands of the executor, which had not hitherto been finally disposed of, and which are shown by the executor's account to have amounted to the sum of $6629.

The judgment rendered therefore ordered the final disposition of a fund to be distributed, exceeding in amount the sum of two thousand

dollars, and this Court is clearly vested with jurisdiction over the controversy.

In my opinion, appellants were entitled to a rehearing.

Mr. Justice Fenner concurs in this opinion.