(98 South. 167)

No. 25694.

## KAHN v. KAHN.

(Oct 29, 1923.    Rehearing Denied by Whole Court Dec. 3, 1923.)

*(Syllabus by Editorial Staff.)*

Courts ⬤⟾224(10)—Amount involved in opposition to executor's account held too small to give Supreme Court jurisdiction.

The Supreme Court having no jurisdiction over an opposition to an executor's account, when the amount claimed is less than $2,000, such court will not entertain jurisdiction where the fund to be distributed is $173.29, the opponent to the executor's account claiming it to be in the sum of $549.85.

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Percy Saint, Judge.

Petition by Mrs. Agnes Le Blanc Kahn, widow and natural tutrix of a minor legatee, for a rule on Henry Kahn, executor of the·succession of Louis H. Kahn, deceased, to file his final account.    Judgment for executor, and the widow and tutrix appeals. Case transferred to the Court of Appeal.

Alpha & Blanchard, for appellant.

Charles J. Boatner, of Franklin, and Walter T. Gilmore, of Morgan City, for appellee.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

LAND, J.    Henry Kahn, executor of the estate of Louis Kahn, deceased, filed a final account of his administration on January 16, 1915, showing the assets and liabilities of said succession, and a balance of $173.29 remaining after the payment of all debts.

After due notice of the· filing of said account, and after citation to Mrs. Agnes Le Blanc Kahn, the universal usufructuary, and to the undertutor of the minor, the universal legatee, under the will of deceased, who left an estate consisting of separate property, and after answers filed by both defendants, neither opposing said account generally nor specifically, a judgment was rendered homologating and approving said final account February 2, 1915, showing a balance due the estate of Louis Kahn of $173.29.

Under this judgment Mrs. Kahn was recognized as usufructuary and sent into possession of all of the property of the succession, her bond in the sum of $10,000 having been previously approved by the court.    The minor was also recognized by said judgment as the sole heir and universal legatee of Louis Kahn, deceased, and sent into possession of all of the property of the estate, subject to the rights of the usufructuary.

On October 21, 1919, Mrs. Kahn, as widow of Louis Kahn and natural tutrix of said minor, presented a petition to the court below for a rule on the executor to file his final account of the distribution of the funds of the estate, with vouchers, showing that the debts he alleged were due have been paid.

Instead of answering this rule, the executor filed, on April 20, 1920, a petition in court, reciting the homologation of his final account on February 2, 1915, showing a balance due the estate of Louis Kahn, after payment of all debts, in the sum of $173.29, and averring that said balance had been depleted by the erection of a monument over

the grave of the deceased, costing over $150, and alleging that, since the date of the judgment homologating his final account, he had collected for said estate several bills due the same, and also had sold some empty bottles, flasks, and demijohns belonging to the stock of the saloon owned by decedent.

The executor alleges in this petition that, after giving credit to the estate for these collections and for the proceeds of the sale of the bottles, etc., and after charging the estate with the price of the monument, there was a cash balance remaining of $136.75, which he had paid to Mrs. Kahn as usufructuary. He prays that this account be homologated and that he be finally discharged as executor.

In our opinion the judgment homologating the final account of the executor of date February 2, 1915, is binding upon the minor and the usufructuary. The fund under this judgment to be distributed is the sum of $173.29. The opposition to said final account, if sustained, would not increase this fund so as to give this court jurisdiction; the opponent claiming that the balance due on said final account is the sum of $549.85. The Supreme Court has no jurisdiction over an opposition to an executor's account when the amount claimed is less than $2,000, and the fund to be distributed does not exceed that amount. Succession of Gohs, 37 La. Ann. 428; Succession of Duran, 34 La. Ann. 585; Succession of McDowell, 35 La. Ann. 1025.

It is therefore ordered that, on the appellant's paying the costs incurred as the result of the present appeal having been brought to this court, instead of the court having jurisdiction of it, the case be transferred to the Court of Appeal of St. Mary parish, under the provisions of Act No. 19 of the year 1912.

Rehearing denied by the WHOLE COURT.