(129 So. 727)

**Succession of KOPPEL.**

No. 30697.

July 2, 1930.

Earl K. Long, of New Orleans, James P. Guillot, of Derry, and Nicole E. Simoneaux, of New Orleans, for Inheritance Tax Collector.

Paul W. Maloney, of New Orleans, for appellees Mrs. Louise Koppel and Ophelia Koppel.

ROGERS, J.

Jacob Koppel died in the city of New Orleans on July 21, 1912. The succession of the decedent was duly opened in the civil district court for the parish of Orleans, and his will ordered registered and executed. On August 16, 1912, the testamentary executor, and certain legatees under the will of the testator, namely, Mrs. Bertha Landry Koppel, the testator's widow, and Mrs. Louise Koppel Guillard and Miss Ophelia Koppel, the testator's sisters, took a rule in the succession proceedings against the then collector of inheritance taxes for the parish of Orleans to fix the inheritance tax due by the legatees. The inheritance tax collector, through his attorney, answered the rule, setting up the unconstitutionality of Act No. 42 of 1912 so far as it purported to exempt the widow of the decedent by placing her in the same category as ascendants and descendants. On August 19, 1912, a judgment was rendered recognizing Mrs. Louise Koppel Guillard, Miss Ophelia Koppel, and Mrs. Matilda Gardiner as legatees, and sending them into possession of their legacies. This judgment also discharged the testamentary executor from all further trust and responsibility. On the same day an agreement was entered into in writing by the attorneys of the parties to the rule setting forth that, in consideration of the rendition of the judgment, it was stipulated that $156.63, being $5 by Mrs. Gardiner, $25 by Mrs. Louise Koppel Guillard and $126.63 by Miss Ophelia Koppel, should be deposited in the registry of the court, to await the event of a decision by the Supreme Court in some proceeding to be taken within six months from the date of the agreement on the question of the constitutionality, vel non, of the exemption in favor of the widow of the decedent under the provisions of Act 42 of 1912, and requiring Mrs. Bertha Landry Koppel, the widow, to pay $186.50, being 5 per cent. of the legacy (apparently admitted to be due over and above the exemption

claimed), exclusive of the bank stock already taxed.

However, no proceeding was instituted within six months, nor at any other time, to test the constitutionality of the statutory exemption in favor of the decedent's widow. On November 8, 1928, which was more than sixteen years after the agreement had been entered into, the then collector of inheritance taxes for the parish of Orleans filed a rule in the succession proceedings against himself as clerk of court and against the public administrator for the parish of Orleans to obtain the transfer to the inheritance tax fund of the $156.63 on deposit in the registry of the court, to be thereafter transmitted to the state treasurer. The rule was tried on December 7, 1928, and resulted in a judgment rendered the same day ordering the transfer of the deposit to be made as demanded by the plaintiff in rule. This judgment was signed on December 17, 1928. An unsigned memorandum filed in the district court on January 27, 1930, purports to grant a new trial on the rule taken on December 8, 1928, on which judgment was rendered on December 7, 1928, and signed on December 17, 1928.

On July 26, 1929, Mrs. Louise Koppel Guillard and Miss Ophelia Koppel ruled the clerk of court and inheritance tax collector into court to show cause why the amount of the deposit, $156.50, with accrued interest, should not be delivered to them. The respondent excepted to the rule on the ground of res judicata, basing his exception on the judgment rendered on December 7, 1928, and signed on December 17, 1928. The court below overruled the exception and gave the plaintiffs in rule a judgment as prayed for. From this judgment the respondents are prosecuting the present appeal.

The appellees Mrs. Guillard and Miss Koppel have moved to dismiss the appeal on the ground that this court is without jurisdiction ratione materiæ and that the appeal was lodged here in the face of our express instructions that it should be taken to the Court of Appeal for the parish of Orleans.

In support of their motion, appellees rely on the reasons assigned by this court in refusing the appellant's application for writs of certiorari and prohibition, couched in the following language, viz.: "Remedy is by appeal and to the Court of Appeal as it does not appear that fund to be distributed exceeds $2000." See No. 30524 of the docket of this court.[1]

The writs applied for by relator were designed to test the validity of the proceedings and to prohibit the judge of the court below from further action in the matter. We found, on our examination of the application, that relator had mistaken his remedy, and so indicated in our reasons denying the writs. The reference, in our reasons, to the Court of Appeal was directory and not mandatory. It was not intended to, and could not, foreclose relator's appeal to this court, if he was entitled to it, particularly on grounds not appearing on the face of his application for remedial writs.

The relator (appellant here) claims that his appeal is lodged in the proper court, because the controversy between the parties involves the constitutionality of the legislative act granting the widow of a decedent an exemption from the payment of an inheritance tax.

We do not think, however, that appellant's position is well taken. The unconstitutionality of the statute was originally set up against the claim of the widow of the testator for an exemption from the inheritance tax on a portion of her legacy. That issue is

---

[1] Application for certiorari and prohibition refused. No opinion.

not in contest here. The contest between the parties in this proceeding is over the demand of the appellees to withdraw from the registry of the court a deposit made on their account some sixteen years ago. The sole defense set up to this demand, as we appreciate the confused record, is an exception of res judicata. The judgment appealed from expressly overruled the exception and ordered the inheritance tax collector to deliver the amount of the deposit, $156.50, with accumulated interest, to the appellees, through their attorney. This court therefore is clearly without jurisdiction of the appeal ratione materiæ. But we do not think that we should dismiss the appeal on that account. Appellant apparently acted in good faith, although erroneously, in filing his appeal in this court. Hence we do not think he should be penalized for the error. Our conclusion is that the ends of justice will be better subserved by transferring the case to the Court of Appeal, in accordance with appellant's alternative contention.

For the reasons assigned, the case is ordered transferred to the Court of Appeal for the parish of Orleans, on condition the record shall be filed in that court within thirty days from the date on which this decree becomes final; otherwise the appeal shall stand dismissed.

(129 So. 729)