No. 4249

Second Circuit

W. K. HENDERSON IRON WORKS &
SUPPLY CO. v. MERIWETHER
SUPPLY CO.

(March 16, 1932. Opinion and Decree.)

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for plaintiff, appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellee.

McGREGOR, J. A receiver for the defendant company was appointed by the First district court, parish of Caddo, on March 31, 1928, and since that date it has been operated as a going concern by the receiver. In the beginning of the receivership the debts due to the ordinary creditors totalled the sum of $176,045.54. From time to time several 10 per cent dividends have been paid to the creditors, and on September 30, 1930, the receiver made application to the court for an order authorizing him to pay another 10 per cent dividend.

Among the ordinary creditors of the defendant was Johns-Manville Corporation, which held three promissory notes dated February 7, 1928, each being for the sum of $2,000, and payable in thirty, sixty, and ninety days after date, respectively. The notes bear interest at the rate of 6 per cent per annum, and carry the following stipulation:

"And in the event of non-payment at maturity it is agreed to pay all attorneys' fees incurred in the collection of this note or any portion thereof including interest, which fees are hereby fixed at ten per cent on the amount to be collected."

When the receiver filed his application for an order authorizing him to make another 10 per cent dividend to the ordinary creditors as above stated, the Johns-Manville Corporation filed an opposition to the granting of the order, basing it on several grounds. The principal objec-

tion, however, was that the receiver, in all the former dividends, had made his calculations of the amount due it on the basis of the principals of the three notes, exclusive of interest and attorney's fees, and that in the proposed dividend he was doing the same thing. In its opposition, it sought to have its 10 per cent dividend based, not only on the principal sums of the three notes, but also on the interest and attorney's fees. It also sought to have the receiver pay it an additional sum to equalize the dividends formerly paid to it on the same basis.

After this opposition had been filed, there was a written stipulation signed by the attorneys representing the receiver and those representing the opponent and filed in the record, wherein it was agreed:

"* * * That the Receiver may have said application homologated without prejudice to the right of said opponent, the Johns-Manville Corporation, to litigate its claim for 6% interest on the notes in the sum of $6,000.00 filed with the Receiver herein to be computed on all dividends previously paid—together with the present dividend of 10%—and for 10% attorneys fees on the aggregate of principal and interest likewise computed on said dividends, the said opponent withdrawing its opposition in all other respects, including its opposition to the method of computing dividends on the balance of the claims, instead of upon the face of the claims in each instance.

"It is further agreed that said Johns-Manville Corporation is to receive from the Receiver a dividend of 10%, the same to be paid at once to its Attorneys of Record, Thatcher, Browne, Porteous & Myers, and that its acceptance of same is not—as aforesaid—to prejudice its right to prosecute this opposition with regard to said interest and attorneys fees."

According to this agreement, all the creditors except the opponent were paid all that they were claiming under the proposed dividend, and the opponent received the sum which the receiver proposed to pay it. The distribution, to the extent as thus set out, has been regularly homologated by judgment of the lower court. It follows, therefore, that, so far as the distribution of the proposed 10 per cent dividend is concerned, the only sum in dispute is the difference between what the opponent has actually received and what it claims it is entitled to receive, which difference is more than $100 and less than $2,000. In accordance with the right reserved to it in the above agreement, the opponent proceeded to prosecute its demand for the difference claimed by it.

On trial, there was judgment in favor of the receiver, denying the opposition and rejecting opponent's claim for interest and attorneys' fees. From that judgment the opponent has appealed.

———

## ON MOTION TO DISMISS

The receiver has filed a motion to dismiss the appeal herein on the ground that this court is without jurisdiction ratione materiæ to entertain and to determine the issues presented in the case. The amount proposed to be distributed in the form of a 10 per cent dividend is in excess of $2,000, and the opponent's share therein is less than that sum, including everything that it claims. But it has received by far the greater part of its claim, and the other creditors have received all that was allotted to them. So that the sum in dispute is a small amount—the difference between what it claims and what the receiver ad-

mits. All the rest of the dividend has been distributed, and the action of the receiver was ratified by the parties and homologated and approved by judgment of the lower court. If this were a final dividend, the motion to dismiss could not be sustained, for the reason that this court would have jurisdiction to hear the appeal. Succession of Duran, 34 La. Ann. 585; Succession of Emma McDowell, 35 La. Ann. 1025; Succession of Gohs, 37 La. Ann. 428.

It is apparent from the record in this case that this is not a final dividend in this receivership. It is true that none of the other creditors will be affected by the decision in this case so far as the present dividend is concerned, for they have already received all from it to which they are entitled. But the record discloses that there are large assets still in the hands of the receiver subject to further distribution far in excess of $2,000. Any decision rendered in this case will affect the final distribution of those funds which are of such an amount as to place the case beyond our jurisdiction. Constitution of 1921, art. 7, sec. 10; Snyder Wagon Co. v. Campbell Ice Cream Co., 173 La. 467, 137 So. 855.

For the reasons assigned, by virtue of the authority vested in us by law, it is ordered that this case be transferred to the Supreme Court upon the payment of all costs incurred to date by the appellant; provided that, if the record in proper form be not filed in that court within thirty days from the date upon which this decree becomes final, the appeal shall stand dismissed at appellant's cost.