I So.2d 87

**Succession of BANKER.**

**Intervention of QUINN.**

**No. 34056.**

March 3, 1941.

Charles Mundy, of New Orleans, for appellant.

A. W. Spiller, of Hammond, and Allen B. Pierson, of Ponchatoula, for appellee.

PONDER, Justice.

Valentine Quinn instituted a suit in the district court against Leon Banker seeking to recover damages sustained as a result of assault and battery. From an adverse judgment she appealed devolutively to the Court of Appeal for the First Circuit. During the pendency of the appeal the defendant died on or about October 1, 1935, and W. A. Cobb, the administrator of the defendant's succession, was made a party to the suit. The appeal was fixed for trial for January 29, 1936, at which time it was continued and reassigned for a hearing for February 3, 1936. After submission the Court of Appeal gave the plaintiff judgment for $98, with legal interest from date of judicial demand, and all costs. The administrator of the defendant's succession filed an account on January 7, 1936, in the district court which was approved and homologated February 1, 1936, during the pendency of the appeal. The defendant's succession was composed entirely of personal property and the proceeds derived therefrom with the exception of $30, now in the hands of the administrator, was distributed. On May 18, 1936, Valentine Quinn, through her counsel applied to the district court for the issuance of a rule ordering the administrator and his bondsman to show cause why they should not be condemned in solido to pay her $98, interest and costs, the amount of the judgment rendered by the Court of Appeal, and in the alternative that the administrator be ordered to turn over to her the $30 remaining in his hands. The administrator interposed exceptions of no right or cause of action which were sustained by the lower court. She has appealed devolutively to this court.

Counsel for the administrator has moved to dismiss the appeal on the ground that this court is without jurisdiction. The amount claimed by the appellant in her main demand for $98 is below the jurisdictional limit of this court and the alternative claim for the distribution of the $30 remaining in the hands of the administrator is likewise below the jurisdictional limit of this court. Under the provisions of Section 10, Article 7 of the Constitution of 1921, this court is without jurisdiction to entertain an appeal where the amount in dispute or the fund to be distributed does not exceed $2,000 exclusive of interest.

The judgment homologating the administrator's account has become final and the only fund left to be distributed is the $30 now in the hands of the administrator. There is no other fund remaining for distribution. Under such circumstances, the amount remaining in the hands of the administrator for distribution would govern the appellate jurisdiction. Succession of Duran, 34 La.Ann. 585; Succession of McDowell, 35 La.Ann. 1025.

The demands involved herein are below the jurisdictional limit of the Court of Appeal. Section 29, Article 7 of the Constitution of 1921.

For the reasons assigned, the appeal is dismissed at appellant's cost.