The defendant in this case was employed by the plaintiff as a salesman on a commission basis. This suit is for the total of $4,546.55, the amount plaintiff alleges the defendant owes, made up of the following items:
Amount drawn against commis- sions in excess of commissions earned $4,425.40 Promissory note 60.00 Open account 61.15
After various exceptions and pleas and supplemental petitions had been filed, defendant, on May 1, 1945, filed a plea of prescription in bar of plaintiff's demand, and also an exception of no cause and no right of action. On June 9, 1945, the plea of prescription of three years and the exception of no cause of action were sustained as to the item of overdraft in the sum of $4,425.40, and otherwise overruled.
On June 13, 1945, the District Judge signed a decree in accordance with his judgment of June 9, 1945. No appeal was taken at that time from the judgment.
The remaining demands of plaintiff went to trial on the merits resulting in judgment in favor of the plaintiff for a total of $71.25 with interest and cost. This judgment was rendered on February 13, 1946, and signed on February 16, 1946. On the same day the judgment was signed, the minutes show that plaintiff entered a remittitur for the overdraft in the amount of $4,425.00 and then moved for an order for a devolutive appeal to this court which *Page 737 
was granted and made returnable March 18, 1946.
Plaintiff did not perfect this appeal by filing bond, and on May 18, 1946, moved again for an order for devolutive appeal to this court which was granted and made returnable on June 24, 1946. Plaintiff perfected this appeal by filing bond.
At the time the two judgments were rendered and signed, the amount in dispute was more than $2,000 and, therefore, above the appellate jurisdiction of this court in such cases.
[1] While no motion to dismiss the appeal or to transfer it to the Supreme Court has been made, we are compelled to ex-officio take notice of our lack of jurisdiction and transfer the case on our own motion.
[2] It has been repeatedly held that in ordinary civil suits appellate jurisdiction is determined by value or amount in contest when judgment is rendered in trial court, and that a remittitur reducing amount claimed before judgment in trial court to below appellate court's jurisdiction deprives appellate court of jurisdiction, but not remittitur made after judgment. Givens v. Yazoo M. V. R. Co., 173 La. 372,137 So. 66, and cases cited therein. See also Shreveport Laundries, Inc., v. St. Paul-Mercury Indemnity Co. of St. Paul, La. App., 169 So. 353; Spector v. Union City Transfer, La. App., 182 So. 524; and State v. Cook, et al, 197 La. 1027, 3 So.2d 114.
In the recent case of Parro v. Fifteen Oil Company, La. App.,26 So.2d 30, 31, in an opinion dated May 14, 1946, the Court of Appeal for the First Circuit, speaking through Judge Dore, had the following to say:
"(1) At the time the case was argued, but prior to submission, we called to the attention of the attorneys representing plaintiff and defendant that since the case involved a claim of over $2,000 for damages not involving physical injuries that we would have to decline jurisdiction, unless it was admitted that the claim for damages were highly inflated. Whereupon, the attorney for plaintiff entered a remittitur reducing the claim of plaintiff to a sum not exceeding $2,000. We will retain jurisdiction of the appeal."
[3] No citation of authority for the action of the court is given. Apparently there was no objection by any of counsel to the entry of the remittitur. We are of the opinion that the allowance of the entrance of this remittitur at the time it was allowed is in complete conflict with the jurisprudence of this State, and for that reason we decline to follow it.
For the foregoing reasons this case is hereby transferred to the Honorable Supreme Court. Appellant is allowed sixty days from finality of this decree in which to perfect appeal to that court; upon failure to file transcript in the Supreme Court within such delay, the appeal shall be considered as abandoned.
Costs of this appeal are to be paid by appellant.