McINNIS, Judge ad hoc.
This is a demand for damages for the alleged killing of four (4) hogs by Robert Vercher, minor son of Freeman Vercher and Van McGraw, minor son of Cecil Mc-Graw. The demand is for $50.00 each for the hogs, a total of $200.00, alleged to be the1 value of the hogs, and $300.00 punitive damage.
The defendants are Freeman Vercher and Cecil McGraw, the fathers of the two boys. It is alleged that the boys were acting .according to instructions of the fathers, but, if not so acting, the fathers are liable under the provisions of Articles 237 and 2315, R.C.C.
Defendants deny the allegations of the petition and in reconvention pray for judgment against plaintiff for $100.00, alleging that the four hogs, mentioned in plaintiff’s petition, had eaten pecans' to that value. They say that they had inquired as to ownership of these hogs, which were destroying their crops and that plaintiff did ■ not, at that time, claim ownership of the hogs. They also claim their lands were. well fenced, until the hogs broke the fences, to the knowledge of plaintiff.
After trial March 2, 1951, the District Court, in an oral opinion, rejected the plaintiff’s demands and also the reconven-tional demand. March 3, 1951, plaintiff filed a request that the Court reduce the oral opinion to writing, and this request was complied with. On the same day, plaintiff moved for a rehearing and for judgment as prayed for. This motion was ■argued and submitted on March 22, 1951. The minutes do not so show, but, oh May 3, 1951, judgment was signed and filed' in favor of plaintiff for $30.00 with interest and costs. On May 7, 1951, defendants filed a motion for a rehearing, alleging that the judgment is erroneous and contrary to the law and the evidence; that the judgment was signed in the afternoon and not at motion hour, contrary to law and the rules of court, and that the Court failed to pass on the reconventional demand, although it was allowed in the original judgment rendered. On May 9, 1951, plaintiff filed written objection to the motion for rehearing because one motion for rehearing had been applied for and granted. None of these proceedings are reflected by the minutes of Court, the next entry showing the motion for a rehearing was denied on June 26, 1951, and finally on June 28, 1951, the minutes of Court show motion and order for appeal by defendants. Plaintiff did not appeal.
October 16, 1951, plaintiff answered the appeal setting up that the judgment insofar as it does not allow the full amount sued for, is incorrect, and should be increased to the sum demanded, $500.00, and otherwise affirmed.
The testimony was not reported, but, according to the briefs, the parties agreed to accept the facts, as set forth in the written opinion of Judge Stephens. The judge found that the hogs weighed 75 to 80 pounds each, and were worth 16 to 20 cents per pound, and, striking an average, he found the value of each hog to be $13.95. Only three of the hogs were found dead, and' he fixed their value at $41.85 for all three. If all four were killed, their total value would be $55.80. He found the proof on the reconventional demand as to amount of pecans eaten by the hogs to be indefinite, but concluded they had possibly eaten 150 pounds, worth 28 cents per pound, a total *400 of $42.00,’but he says'the proof or estimate of the amount of pecans eaten by the hogs is too vague to form the basis of a judgment. It appears that some members of plaintiff’s family took the three hogs that were found and dressed them, and used the meat; and, in his written opinion, the judge rejected the demands of both plaintiff and defendants, but, as stated above, later, on rehearing, he gave the plaintiff judgment for $30.00.
We believe that we ’ are without jurisdiction of this appeal. Only the defendants appealed. The testimony was not reported and we must accept the findings of the District Judge on the facts. He has found the value of the pecans to be not more than $42.00, and this, if added to $30.00, makes a total of. $72.00 in contest, or, if the value of the hogs be $55.80, the amount in contest is $97.80, unless the demand for punitive damage of $300.00 be considered, and we are of the opinion that punitive damage cannot be recovered in this case. R.C.C. art. 1934 and cases cited in Dart’s Second Edition; 1 La.Law Review 226 and cases cited. Although the answer to the appeal prays that the -judgment be increased to $500.00, the sum sued for, counsel, in brief, claims only $55.80 as the value of the hogs.
For the reasons herein given, the appeal will be dismissed for want of jurisdiction, at the cost of defendants, appellants, in both courts.
KENNON, J., not participating.
GLADNEY, Judge.