GLADNEY, Judge.
In this cause our attention is directed to a consideration of a motion to dismiss the appeal for lack of jurisdiction ratione ma-teriae. Pertinent facts bearing upon this issue are set forth below.
After the death of Richard Price Goree, who died intestate on March 22, 19S2, Willard P. Goree qualified as administrator of his estate valued at $28,384.12. In due course the administrator filed a proposed tableau of distribution and his final account, in which he proposed to distribute the sum of $2,717.51 among the. heirs of the decedent, and there being no opposition it was approved and homologated on May 29, 1952. Judgment was rendered June 13, 1952, recognizing the surviving spouse in community and certain children and grandchildren of the decedent .as his legal heirs and placing them in possession of the entire property of the estate, movable and immovable.
Notwithstanding these proceedings, the administrator did not proceed to distribute the sum of $2,717.51 due to the pendency of certain claims against the succession by Ive Lee Goree. Ive Lee Goree on June 9, 1952, filed in the succession proceedings a petition of intervention wherein she alleged she was the putative wife of the deceased and during her marriage was the mother of two legitimate children by William Price Goree, Ethel Lee Goree and David Wayne Goree. She claimed entitlement to a community interest in the estate and sought judicial recognition of other rights. Made defendants in this proceeding were the surviving spouse, Isabella Robinson Goree, and certain children and grandchildren of the deceased who had been recognized as legal heirs by judgment.
On August 28, 1952, as tutrix for her minor children aforesaid, Ive Lee Goree filed a petition of intervention asserting therein that the minors were entitled- to share in their father’s estate, both real and personal. Thereafter the two petitions of intervention came on for trial and judgment was rendered on November 10, 1952, rejecting the demands. After the time had elapsed for taking a suspensive appeal from this decree the administrator was discharged from his trust by decree dated December 13, 1952. From the judgment of November 10, 1952,- rejecting the demands of the intervenor a devolutive appeal has been perfected by Ive Lee Goree without being required to furnish bond and solely in her capacity as tutrix of the children.
Unquestionably at the time appellant’s claim was presented, for adjudication by the trial court' there was in the possession of the administrator a fund to be distributed among the heirs amounting to $2;717.51. Manifestly, .however, this fund was distributed after, the court a quo rejected the petition of intervention and on or prior to *638 December 13, 1952, when the-administrator secured his discharge. Orders of devolu-tive appeal were not entered on behalf of appellant until August 16, 1953.
In this court appellees have filed a motion to dismiss the appeal on the ground this court is without jurisdiction rati one materiae. The • motion is resisted by appellant.
In opposing the motion to dismiss, counsel for appellant contend the amount sought to be recovered for the minors rep-, resents only a claim against certain individuals, that is to say the surviving wife and legal heirs of William P. Goree, and does not involve a fund to be distributed. It is pointed out the surviving spouse and heirs of the deceased have already been placed in possession and there is no longer any fund to be distributed. The record plainly indicates and it is not seriously disputed the value of the claims of the two' minor children is less than the maximum limit of $2,000 placed upon our jurisdiction by the Constitution. Cited as authority that this court should retain jurisdiction is the Succession of Solari, 1951, 218 La. 671, 50 So.2d 801. In the cited case involving a succession valued at $45,000 a universal legatee was recognized and sent into possession under judgment of the court. Some time thereafter the universal legatee sold to Albert J. Heikamp for $350 a small tract of land which she had acquired from the succession estate. In order to confirm title to the property Heikamp brought proceedings to secure a declaratory judgment decreeing the will of the decedent valid. The Supreme Court upon appeal refused to exercise jurisdiction, ruling that the validity of the will was only incidentally involved and, therefore, the total amount involved in the controversy was the value of the property sold to Heikamp. It is manifest that the proceedings of Heikamp in nowise involved the distribution or administration of the estate, hence the ruling in that case is not apposite. In the instant case recognition of intervenor’s claim would require a different distribution of the sum of $2,717.51 among the heirs.
 It is well established in a succession or a concurso proceeding the test of appellate jurisdiction is not the amount claimed, nor the amount paid out or distributed but the whole amount of the fund to be distributed. See Succession of Vercher, La.App.1935, 158 So. 874; General Motors Truck Co. of Louisiana v. Caddo Transfer & Warehouse Co., Inc., La.App.1937, 172 So. 178; Succession of Johnson, 1917, 141 La. 842, 75 So. 743; Succession of Wengert, 1934, 178 La. 1027, 152 So. 747; Succession of Ethridge, 1946, 210 La. 1038, 29 So.2d 55; Succession of Dugas, 1947, 211 La. 544, 30 So.2d 425; Jackson v. Perkins, 1952, 221 La. 525, 59 So.2d 708; Constitution of 1921, Article VII, Paragraphs 10, 29.
It is the subject matter that is in contest before and at the time when the judgment is rendered in the court of original jurisdiction that determines what court, if any, has appellate jurisdiction in a given case. See Consolidated Laboratories, Inc. v. Sanders, La.App.1946, 27 So.2d 736; Williams v. McGraw, La.App.1952, 59 So.2d 398; State v. Cook, 1941, 197 La. 1027, 3 So.2d 114; Jackson v. Perkins, 1952, 221 La. 525, 59 So.2d 708; Constitution of 1921, Article VII, Paragraph 10.
Accordingly, it is our view that this court is without jurisdiction ratione materiae for the reason that appellant’s petition of intervention would have affected the distribution of the sum of $2,717.52, which the administrator had retained in his hands pending the outcome of the litigation. This fund was still undistributed at the time appellant’s claim was submitted to the trial court for adjudication.
Although appellees have filed a motion to dismiss the appeal, this court is without authority to do so, but must under the provisions of LSA-R.S. 13:4441 transfer tire appeal to the Supreme Court. Therefore, it is ordered that this case be transferred to the Supreme Court of Louisiana, provided appellant shall file the record in such court within sixty days from the date on which this decree shall become final; otherwise, the appeal shall stand dismissed.