McBRIDE, Judge.
The only remaining assets belonging to this succession are the sum of $61.29 in cash and a certain piece of real property' in the Parish of Plaquemines of a value of $500 according to an inventory taken in 1948. The succession had been opened in 1928; its then known assets aggregated $3,952.02; what was thought to be a final distribution was made by the then administrator after homologation of his final account in 1933; remaining after such distribution was the already mentioned sum of $61.29. In 1934 the succession was closed; the administrator was granted his discharge and no further proceedings were had until 1948 when it was discovered that the decedent had left the property in Plaquemines Parish, which had been overlooked before, and the property was inventoried at $500 as aforesaid.
On February 10, 1955, White Estate, Inc., a Delaware corporation, filed suit to have Peter Joseph White recognized as the sole legal heir of the decedent, Robert M. White, and to have itself recognized as the assignee of the said heir and as such sent into ownership and possession of the property situated in Plaquemines Parish.
W. Sommer Benedict, the present Public Administrator for the Parish of Orleans, impleaded as defendant, made answer to the suit of White Estate, Inc. The matter was then tried on the issues made up by the pleadings and the trial culminated in a judgment in favor of White Estate, Inc., recognizing Peter Joseph White as the sole legal heir of the decedent and in turn recognizing White Estate, Inc., to be the as-signee of Peter Joseph White (through Nicholas D. Olivier) and owner of the property. The Public Administrator has taken this appeal from the judgment.
White Estate, Inc., appellee, now moves to dismiss the appeal on the ground that the amount in dispute or the fund to be distributed exceeds $2,000 and appellate jurisdiction is, therefore, vested in the Supreme Court and not in the Court of Appeal.
By the terms of Art. 7, § 29, of the LSA-Constitution of 1921, the Courts of Appeal have appellate jurisdiction in all cases,
“* * * civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction, * *
According to Art. 7, § 10, of the Constitution of 1921, the Supreme Court
“* * * shall have appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest, * * *"
It is clear that this court has jurisdiction ratione materiae of the appeal because, contrary to what mover contends, the amount in dispute or the fund remaining to be distributed in this succession is made up of two items only, the net sum of $61.29 in the hands of the Administrator and the piece of property in Plaquemines *757 Parish with an inventory value of $500, or an aggregate of far less than the $2,000 lower limit of the jurisdiction of the Supreme Court. None of the funds previously distributed by the Administrator can possibly be affected by the instant controversy.
In Kahn v. Kahn, 154 La. 729, 98 So. 167, the fund to be distributed was $173.29, and the only effect of the contest between the parties would have been to increase the fund to $549.85. The Court in holding it had no jurisdiction said:-
“* * * 'pjjg Supreme Court has no jurisdiction over an opposition to an executor’s account when the amount claimed is less than $2,000, and the fund to be distributed does not exceed that amount. Succession of Gohs, 37 La.Ann. 428; Succession of Duran, 34 La.Ann. 585; Succession of McDowell, 35 La.Ann. 1025.”
In Succession of Koppel, 171 La. 119, 129 So. 727, 728, the contest was over $156.60. No other fund remained for distribution. The Court said:
“* * * The contest between the parties in this proceeding is over the demand of the appellees to withdraw from the registry of the court a deposit made on their account some sixteen years ago. The sole defense set up to this demand, as we appreciate the confused record, is an exception of res judicata. The judgment appealed from expressly overruled the exception and ordered the inheritance tax collector to deliver the amount of the deposit, $156.50, with accumulated interest, to the appellees, through their attorney. This court therefore is clearly without jurisdiction of the appeal ratione ma-teriae. * * *”
This is not one of those cases involving a provisional account dealing only with a partial amount of the succession funds, leaving other funds yet undistributed, which, perchance, might be affected by an adjudication by us, but the contest here involves solely and only the final two items owned by the succession which in the aggregate have a valuation of far less than $2,000.
The decisions relied upon by counsel for the mover are not at all appropriate, viz.: Succession of Johnson, 141 La. 842, 75 So. 743; Succession of Vercher, La.App., 158 So. 874, and Succession of Goree, La.App., 68 So.2d 636. In Succession of Johnson the provisional account distributed assets totaling $1,920.10 but did not include or account for two items on the inventory amounting to $519.20, which thus made the fund to be distributed in excess of $2,000 exclusive of interest. In Succession of Vercher, the plaintiff heir was permitted to file opposition to the account and obtain judgment awarding him $409.79, which judgment, if affirmed on appeal, would have necessitated the recasting of the whole account making distribution of funds in excess of $2,000. It was held that because of this the Supreme Court and not the Court of Appeal had jurisdiction. In Succession of Goree the Court of Appeal for the Second Circuit declined jurisdiction ratione materiae for the same reason; appellant’s intervention which claimed less than $2,000 would have affected the distribution of the sum of $2,717.51 which the Administrator had retained in his hands pending the outcome of the litigation.
Mover also urges that the fund in dispute or to' be distributed exceeds the maximum amount of our jurisdiction for the reason that Nicholas D. Olivier, the intervening assignee, purchased the property from Peter Joseph White for $2,035. Whatever Olivier might have paid White for the property is not the criterion; rather the amount shown on the inventory to be the value of the property, to-wit $500, is to be used in testing our jurisdiction.
The motion to dismiss is denied.
Motion denied.
JANVIER, J., absent.