Succession of Thomas.

## No. 8699.

### SUCCESSION OF SUSAN B. THOMAS.

Personal or movable property has its *situs* at the domicile of the owner. Its administration is governed by the laws of that domicile. Movable property in another State belonging to a testatrix must be administered by the court of her domicile.

Where the value of a succession is less than one thousand dollars, this Court has not jurisdiction to entertain any question relating thereto. The amount of the claim preferred against the succession is not the test of jurisdiction, but the fund to be distributed.

| 35 | 19 |
|----|-----|
| 50 | 798 |
| 35 | 19 |
| 52 | 1436 |

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Andrew H. Wilson* and *Jas. B. Guthrie* for Opponent, Appellee:

In a suit, the application of a party for letters of administration on a succession, the record must show that there is property within the jurisdiction of the State and this Court. In such a suit, the existence of the property and the value thereof must be apparent in the record, and in an amount equal to, or exceeding $1,000 ; otherwise, the Supreme Court cannot entertain jurisdiction, and the appeal must be dismissed. Art. 81 Const. of 1879 ; 32 An. 1136, 1120, 932 ; 34 An. 585 ; 33 An. 416 ; 27 An. 676 ; 24 An. 94 ; 22 An. 272. 622 ; 30 An. 370 ; 21 An. 193 ; 25 An. 286.

*H. L. Edwards* and *Geo. L. Bright* for Appellant.

The opinion of the Court was delivered by

MANNING, J. Susan B. Thomas died at Biloxi, Mississippi, in July, 1876. On Aug. 4, 1881, Louis J. Bright of this City applied to the Civil District Court for letters of administration upon her estate, alleging that the deceased was a resident of New Orleans, and had left some property and effects within the jurisdiction of the court, and that her succession had never been opened and administered by her heirs, if any she have—that the deceased was indebted to him at the time of her death in the sum of thirty-two hundred dollars (amended afterwards and increased to $3,800,) and that an administration was necessary, and praying to be appointed administrator.

Edwin T. Merrick opposed the application, alleging that he was the nephew of the deceased and her only heir resident in Louisiana, and has in that capacity the best right to the administration of the dece-

dent's estate if any were needed, which he denies. He also denies that the deceased is or was indebted in any manner to the petitioner, and avers that neither during her life, nor since her death until the filing of this petition, did the petitioner ever pretend to be her creditor—that the petitioner never had any dealings with her, but prior to 1874 had often invited her to visit his house and accept his hospitality as his guest and relation of his wife, and did not incur any indebtedness thereby. (The alleged indebtedness of the deceased is for 76 months' board—from March 1, 1870, to July 1, 1876—at fifty dollars a month.) The opponent further avers that if there was any indebtedness as charged, it belonged to the community between L. J. Bright and his wife, now deceased, and that no mention thereof nor claim thereto is made on the inventory lately taken by him of the community property. Finally the opponent alleges that the estate of the deceased is under administration in Harrison County, Mississippi, where she had her domicile at the time of death, that an administration here is wholly unnecessary, but if it be necessary that opponent prays to be entrusted with it.

Upon this issue the parties went to trial, the extent and range of inquiry filling a transcript of near seven hundred pages, which resulted in a refusal of the administration. The applicant appealed, and the opponent now moves to dismiss the appeal on the ground that there is no evidence of property in this State belonging to the succession of sufficient value to give this Court jurisdiction.

The applicant contends that our jurisdiction is to be tested by the sum he claims, but that is a mistake. The value of the succession—the property to be administered—determines the jurisdiction in this case.

Mrs. Thomas was a resident of Mississippi at the time of her death. She died at Biloxi in that State, and her succession was opened there, and is now under administration of an officer called the county administrator. The inventory taken there, which is so minute as to embrace several articles of one cent in value, shews her trunk and wearing apparel to have been appraised at $34.41, and the only other property to be nine notes of $1,000 each executed by D. T. Merrick, which were secured by mortgage on a plantation in this State. The mortuary proceedings in Mississippi also shew the will of the deceased constituting this debtor her universal heir, after directing the payment of $100 to a niece and $1,000 to a Chinese girl named for her and under care of some mission school, and appointing her nephew E. T. Merrick, executor. The executor declined to qualify and thus the Mississippi official administers with the will annexed. The funeral expenses and the legacies were paid by E. T. Merrick to prevent the sale of the

notes, which were the only asset that would realize anything at a sale. There is also a statement made by him that there is a balance of about $400 of a loan of money to him which is prescribed, and it may here be noted that the opponent pleaded prescription (three years) to the petitioner's claim. The notes and other inventoried property are in possession of the Mississippi administrator.

From all which it appears that there is nothing in Louisiana that can give jurisdiction to this Court. The only property the decedent died possessed of is personal or movable, and this species of property follows the domicile, and is administered by its laws. Its disposition or transmission by inheritance depends on the law of that domicile, and this is especially true of debts which follow the creditor's person. Suc. Packwood, 9 Rob. 438. The applicant filed his affidavit at the last moment alleging his interest in the succession to be more than the appealable sum. That will not suffice to give us jurisdiction. Sentill vs. Demas, decided this morning.

The lower court rejected the application. We pass on nothing but the motion to dismiss, which we sustain for want of jurisdiction because of insufficiency in amount of value of succession in this State, and it is accordingly ordered that

The appeal is dismissed.

---

ON APPLICATION FOR A REHEARING.

BERMUDEZ, C. J. Our decision dismissing the appeal is assailed on six specified grounds:

1. That we erred when we said that the claim of appellant is not such a *matter in dispute* as gives this Court jurisdiction.

2. That on the motion we passed on a question of *domicil*, at issue on the merits and which could be determined only when passing on the same; that this decision takes the appellant by surprise and that he should have an opportunity to be heard on it.

3. That there are errors of fact in the decision, "when this Court said that E. T. Merrick prevented the sale of the notes, and when it passed on the question of prescription."

4. That the test of the jurisdiction of this Court is, whether the judgment of the court below would operate *res judicata;* that such judgment will so operate, as appellant's claim is over the appealable amount.

5. That the debts owing the succession here amount to $1,900.

6. That " the decision of the Court is *inimical* to Article 81 of the Constitution of 1879, and cannot be reconciled with it."

*First.* We have not held that the claim of the appellant was not " a matter in dispute." It was such, not, however, for the purpose of

recovering a money judgment against the succession, but only for the purpose of having himself appointed to the administration of the same. Had the appellant brought a suit against the succession, .however properly represented, praying for a money judgment under the provisions of Art. 986, C. P., and had his demand been rejected, there is no doubt that, as his claim would have been for more than $1,000, he would have been entitled to an appeal to this Court and we would have had to pass upon it; but he has not followed, nor could he pursue that course, as there is no one representing the succession in this State. This results not only from the facts of the case. but from the very petition for an administration, in which it is distinctly averred that the succession is unrepresented. If it were, how could the application for an administration stand.

We merely said, that from the fact that the appellant claims to be a creditor for more than $1,000, it does not at all follow that we have jurisdiction over a contest for the administration of a succession, the assets of which do not exceed $1,000. In other words, we hold that the amount of a claim preferred in such a contest is not the test of our jurisdiction. In such controversies that question is to be determined by the value of the matter in dispute, the possession of which is sought, which in succession cases is the value of the assets, regardless of the liabilities. Const. 1879, Art. 81; C. P. 876; 32 An. 1136, 1120, 932; 34 An. 585; 33 An. 416; 27 An. 676; 24 An. 94; 22 An. 272, 622; 30 An. 370; 21 An. 193: 25 An. 286.

*Second.* We did not decide that the domicil of Mrs. Thomas was in Mississippi, and not here. It was not a matter at issue on the motion to dismiss, which involved merely a question of jurisdiction. We are at a loss, however, to perceive how the appellant can insist that she was *domiciled* in Louisiana, when, in his petition for the administration of her estate, he states that she was a *resident* of New Orleans. That circumstance did not make her domicil to be in that city. The difference between a *residence* and a *domicil* is elementary. State vs. Steele, 33 An. 911. Even if she were domiciled, as stated, that fact would not vest this Court with jurisdiction. Many are those who die, domiciled in Louisiana, over whose estates this Court has no jurisdiction. If Mrs. Thomas, although domiciled in Mississippi and a mere resident of Louisiana, had died, leaving property here exceeding in value $1,000, surely this Court would have had jurisdiction over the contest for the administration of her estate; but such is not the fact, as was decided and as will, at the proper moment, be established.

*Third.* We do not think that we committed an error of fact when we stated that the funeral expenses and the legacies were paid by E. T. Merrick to prevent the sale of the notes, for the record bears out

that fact. Even had we committed a mistake in this regard, we do not see how, taking the fact to be to the reverse, the circumstance that the funeral expenses and the legacies could have constituted an *asset;* for it is only where the assets exceed $1,000 that this Court has jurisdiction.

We did not pass on the question of prescription, for we left the claim untouched, saying so expressly. We merely stated that prescription had been pleaded.

*Fourth.* Whether the judgment appealed from constitutes or not *res judicata,* is not a question requiring examination for the determination of our jurisdiction. This Court has jurisdiction in cases where the lower court, in a claim exceeding $1,000, when judgment is asked for as much, dismisses it, *as in case of non-suit;* therefore, when the judgment is not susceptible of forming *res judicata.* It is not what an inferior court decides which determines the question of jurisdiction, which is fixed by the *nature of the demand* existing at the time when it is passed upon. 34 An. 864.

The judgment appealed from merely settles the question that, under the showing made, the petitioner is not entitled to be appointed administrator. It does not purport to decide that the petitioner is not a creditor, nor that the domicil of Mrs. Thomas is *here,* or *there.* It simply declares that there shall be no administration of the succession here. That judgment is final and not revisable by this Court, for the reason that it is not shown that Mrs. Thomas left assets in this State exceeding one thousand dollars. Whether that judgment is revisable by another court is a question on which we have no opinion to express.

*Fifth.* It is not shown that the assets said to be left by the deceased in Louisiana exceed $1,000. No inventory was taken or offered to be taken. The testimony at page 410 of the record, strenuously relied upon to establish that Mrs. Thomas left $1,900, does not prove that fact. The witness says, that he supposes that, at the time of her death, there was some three or four hundred dollars, or, may be over four hundred dollars that he owed her; that he did not consider it as a debt now, (then) more than three years having elapsed, and his having advanced " FOR " the estate fifteen hundred dollars, which could neither be considered as payment, nor compensation for this money lent.

We cannot see how that testimony can be invoked to show an indebtedness of $1,900 by the witness to the estate. It rather proves a liability of the latter, in his favor, for the amount advanced, if such advance be a fact.

The appellant has not even filed an *affidavit* to show the value of the succession, although he has submitted one to show that his interest in it exceeds the lower limit of our jurisdiction. His interest, were it of

a million of dollars, would not make the assets to be worth more than $1,000, if such was not the fact.

*Sixth.* The decision of this Court, far from being "inimical" to Article 81 of the Constitution, is in perfect accord with both its letter and spirit, which forbid the Supreme Court from entertaining jurisdiction in civil cases, where the matter in dispute, or the fund to be distributed does not exceed one thousand dollars. In the present instance, we find neither a matter in dispute, nor fund to be distributed exceeding $1,000.

The theory on which the appellant argues seems to be: that the jurisdiction of this Court in succession matters is to be tested by the amount of liabilities. We hold, and justly, that it is to be tested by the amount of the assets. C. P. 876; 14 An. 240.

We are, therefore, strictly observing the State's paramount law, when we say that we have no jurisdiction to review the judgment appealed from.

Rehearing refused.