## 9647.

SUCCESSION OF SETH BEDFORD.—IN THE MATTER OF THE APPLICA-
TION OF A. A. FARMER TO BE APPOINTED PROVISIONAL ADMINIS-
TRATOR.

An administrator of a succession against whom a judgment has been rendered in order to remove him, has the right of appeal from said judgment, and having perfected such an appeal, he has a right of appeal from an order of the court appointing another person to succeed him in the administration of th succession: such an appeal may be treated as an auxiliary to the other.

The Supreme Court has jurisdiction over a contest involving the right of administration of a succession, if the assets of the latter exceed $2,000. * *

APPEAL from the Tenth District Court, Parish of Red River. Hall, J.

*J. D. Roach, Kennard, Howe & Prentiss,* and *M. S. Jones,* for Applicant and Appellee.

*L. B. Watkins,* for Opponent and Appellant:

I.

Since the revision of the Civil Code and Statutes, in 1870, there has been no law in force, authorizing the appointment of a provisional administrator, with the exception of Act 87 of 1870, creating the office of public administrator, excepting the parish of Orleans, same was repealed by Act 74 of 1877. 30 Ann. 101, Succession of John Clark.

II.

Upon the applicant's own showing, he should have ceen required to give bond for $25,000 R. C. C. 1127, 1048.

III.

An appeal lies from an order appointing, as well as from an order removing an administrator. R. C. C. 1120, 1160.

An appeal lies from a chamber's decree. Act 75 of 1804; 34 Ann. 599, 588; 37 Ann. 232, 261; 21 Ann. 733.

IV.

Had the appointee been qualified, an injunction would lie. 30 Ann. 507.

V.

The suspensive appeal of Hafley did not prevent Farmer from qualifying, if he had furnished proper bond. R. C. C. 1120, 1127, 1048.

## MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. This appeal is a sequel of the question just decided in the case of A. A. Farmer vs. W. C. Hafley, No. 9446, on the docket of this Court, and reference is made to that decision for a full statement of the facts which have a bearing on both cases.

After the finality of the judgment which purported to remove Hafley from the functions of administrator of the succession of Seth Bedford, Farmer asked and obtained an order appointing him provisional administrator of that succession on a bond of one hundred dollars.

This appeal is taken by Hafley from that decree, and the grounds of the motion to dismiss urged by Farmer will now be considered in the order in which they are presented by counsel:

1. That no appeal lies from the order appointing Farmer, and this court is without jurisdiction.

As the whole case has been submitted "on the face of the record and on the motion to dismiss," without oral argument or brief, by appellee's numerous counsel, we are left to surmise the precise meaning of this ground, as well as of the others, from the language used, and which is somewhat indefinite.

The right to appeal from such an order as is herein brought up is granted in terms by Article 1120 of the Civil Code. True, the law provides that the appointment is not retarded in its effect by the appeal, but in a motion to dismiss we are not concerned with the effect, but only with the right, of appeal. Succession of Clark, 30 Ann. 804.

In the absence of specifications we are left in the dark as to the ground of our want of jurisdiction, but if it be *ratione materiæ*, we find a ready answer in an allegation in Farmer's petition for the removal of Hafley as administrator, which is part of this record. He sets forth that "there still remains in the succession assets, consisting of rights and credits, and causes of action, amounting in value to $19,800." This strongly points to our jurisdiction over the contested appointment of an administrator for such a succession, and corroborates the jurisdictional allegations in the petition supported by affidavit of appellant's attorney.

2. That in any event no suspensive appeal could be taken therefrom.

The appeal was taken both in the suspensive and devolutive forms. If under the law it cannot suspend the execution of the judgment, it is certainly good as a devolutive appeal. Under a motion to dismiss an appeal it is not necessary to decide the specific character of the appeal.

3. That even if an appeal lies, it has not been taken and perfected according to law.

Again we are left to surmise the precise meaning of general and loose allegations, which, in justice, should be overruled without giving any reasons.

But the record shows that the appeal was prayed for by petition, and granted by the clerk of the court, in the absence of the judge from the parish, and the law vests the clerk with full power in such cases. Act No. 75 of 1884.

The record further shows that citation of appeal was prayed for, and served on appellee, that a bond of appeal was furnished in accordance with the terms of the order of appeal, and that the transcript was filed here even before the date on which the appeal had been made returnable both according to law and according to the order. If anything else is required, counsel for appellee have omitted to inform us.

4. That said W. C. Hafley has shown no appealable interest herein.

As the administrator proposed to be ousted in the case of Farmer vs. Hafley, he had undoubtedly an appealable interest in that judgment. The record shows that he had taken and perfected a suspensive appeal therefrom, he therefore had the right to bring up the present appeal as an auxiliary to the other. C. C. 1160 ; Brown vs. Brown, 30 Ann. 504 ; Succession of Clark, 30 Ann. 804.

We are not concerned with the question involving the effect of his appeal on the appointment of appellee pending his appeal.

The motion to dismiss this appeal is therefore overruled.

On the merits, the judgment appealed from, which is merely a consequence of the judgment which purported to remove Hafley as administrator of the succession of Seth Bedford, must therefore share the same fate. Under the effect of our decree in that case, Hafley remains administrator of the succession, hence there is no room for a provisional administrator or any other kind of succession representative; therefore the appointment of Farmer falls as a natural sequence from the reversal of the judgment which purported to create a vacancy in the office of administrator of the succession.

We do not propose to discuss the legality of the appointment of a provisional administrator, or the alleged illegality of such an appointment, or the legal effect of any act which Farmer may have performed as *provisional* administrator, whether such an office is known to our

laws or not. Our conclusion is simply that there was no vacancy to fill, and that any and all appointments, whether legal *per se*, or not, of administrators to a succescion already administered, are void.

It is therefore ordered that the judgment or decree appealed from be annulled and set aside, and that Farmer's application for appointment as provisional administrator of the succession of Seth Bedford be rejected, and that he be condemned to pay all costs in both courts.