## No. 1408.

IN THE MATTER OF THE SUCCESSION OF FAUSTIN BERNARD ROMERO.

The administratrix applies for a judgment homologating a final account.

The administration of the whole estate will be affected by the decree.

Payments of debts made without an order of court will be considered in deciding the question of jurisdiction.

The amount involved being more than $2000, the motion to dismiss is rejected.

Evidence will be admitted to prove the signature of an attesting witness to a mark or signature of an administratrix to an acknowledgment of a debt.

It not having been shown that the subscribing witness to the signature or mark had the least interest, or that he could have had any motive whatever in falsely attesting a signature.

The acknowledgment having been accepted and treated by the holder of the note as genuine.

It having remained unquestioned more than twelve years.

It is accepted as genuine, and the administratrix's plea of prescription, based upon its alleged falsity, is rejected.

APPEAL from the Twenty-first District Court, Parish of St. Martin. Simon, Special Judge.

*Robert Martin* for the Administratrix, Appellant.

*C. H. Mouton* and *Raphael DeBlanc, contra.*

The opinion of the court was delivered by

BREAUX, J. The opponents move to dismiss this appeal on the ground that this court has not jurisdiction, *ratione materiæ.*

On the 27th day of April, 1872, acting under legal order, the administratrix caused the property of the succession to be sold at public auction.

The total of the sale amounted to $8618.25. The administratrix alleges that she rendered an account, paid the debts, and partitioned and settled with her emancipated brother.

The petitioner and her brother are the only heirs of the late Bernard Romero.

The succession record can not be found.

It has not been recorded in the succession record books, of the clerk's office.

At the sale of the property one tract of land was sold for $550, another for $300, on credit.

The purchasers were unable to pay, and, therefore, retroceded the property to her in satisfaction of the purchase price and interest.

She shows this property to be the only remaining asset of the succession; prays to be authorized to deliver it to the heirs, and to be finally discharged as administratrix.

The above mentioned facts, as set forth in her petition, are proven to be correct.

The opponents in their petition allege that they are the owners of a promissory note for thirteen hundred dollars ($1300), dated in 1871, payable in 1872, of which the late Bernard Romero was the maker, and which has been acknowledged by the administratrix, who promised to pay in due course of administration.

They oppose the application to place the heirs in possession, also the homologation of the account, and pray that it be amended by placing therein their claim as creditors.

The administratrix answered this opposition and denied her indebtedness.

The method adopted to finally settle the succession has reduced the issues seemingly to an amount less than $2000.

The administratrix has chosen to allege a complete settlement, made heretofore; but no final settlement has been made.

The distribution of the property has not received legal recognition; the payment of the debts were made without any order of court and the property was delivered to the heirs extra-judicially; except the two tracts, heretofore mentioned, she now proposes to deliver.

This court has decided that where there was a final judgment homolgating an account of administration, and authorizing partial distribution, so that the funds remaining for distribution were reduced to an amount less than $2000, it has not jurisdiction. Suc. of I. M. Duran, 34 An. 585; Suc. of Emma McDowell, 35 An. 102.

In these cases there had been a distribution judicially made. The judgments were *res adjudicata.*

In the present case the condition is different.

The administratrix applies for a judgment that will settle the legality of all her acts and place at rest all questions that may have arisen in the course of the administration.

It will effect the whole administration.

In a case decided recently, it was held that successive accounts filed by a syndic, distributing the fractional part of a fund exceeding $2000, will not divest court of jurisdiction. Theo. Brierre vs. Their Creditors, 43 An.

By distributing property of a succession, without an account, the administrator will not divest the court of jurisdiction.

The motion is overruled.

## BILLS OF EXCEPTIONS.

Two bills of exceptions were taken to the court's ruling.

In one, the ground set forth is that the acknowledgment was of a claim in amount more than $500, and that as same purports to have been signed by the affixing of a mark, it requires more than one witness to prove its genuineness when denied.

The acknowledgment of an administrator is not the instrument in writing to which Act 2278, C. C., applies.

This acknowledgment had been reduced to writing.

The evidence was admissible. Its sufficiency *vel non* will be considered.

In the other bill the ground is that the court erred in not permitting the administratrix to prove the carelessness and want of probity of the attesting witness to the mark.

The bill sets forth that the purpose "was to contradict the evidence established by the signature."

This witness died more than ten years ago.

When a witness is examined and attempt is made to impeach his testimony, he is protected against surprise and given the opportunity to prove the verity of his testimony.

The court will not remand the case to prove charges of a general character against a witness long since deceased, charges which, if proven, would not establish the offence of falsifying a mark or signature.

## ON THE MERITS.

The note held by opponents is secured as to its payment by a mortgage on lands described in opponent's petition.

There is an acknowledgment and promise to pay in due course of administration written on this note dated June 16, 1876, and which bears the administratrix mark as her signature.

The administratrix pleads the prescription of five and ten years in bar of recovery on this note.

She denies having acknowledged its correctness; avers that she never made her mark or signature on the same, and that the mark was affixed without her knowledge; that the indorsement is a fraud.

She testifies to the correctness of her averments, and further, that she was acquainted with the attorney, who charges her with having committed the offence; that he notified her if she did not pay she would be sued.

The great probability is that a suit would have followed refusal to acknowledge the claim.

It is in evidence that the attesting witness did not have the least interest in the note, and it is not even shown that he had it for collection.

The motive for falsely and criminally writing down said acknowledgment is entirely wanting.

This note many years ago was placed in the hands of the attorneys for the succession.

It was handed to them, together with other papers.

They testify that they were not aware that it was in their possession.

When the fact became known to them it was returned by them to one of the opponents.

It is evident that the written promise to pay was indorsed on this note sometime prior to the date it was handed, as before mentioned, to the attorneys of the succession.

The opponent to whom it was handed by these attorneys testifies that prior to the date of the acknowledgment, he had a conversation with the attesting witness to the mark, respecting the necessity of obtaining the acknowledgment to prevent prescription.

He also testifies that he knew that it was in the possession of the attorneys by whom it was returned to him.

The testimony establishes the genuineness of the handwriting of the attesting witness to the mark of the administratrix, also of his signature.

The fraud charged is the remaining question.

The administratrix, as a witness, positively denies all knowledge of this promise to pay in due course of administration.

There can be no question of the sincerity of her averment.

The fact remains that the holder of this note died some six years after the acknowledgment; that the party who is charged with the alleged wrong also lived a number of years afterward, and that there never was heard a whisper against the genuineness of the acknowledgment before 1889. It may be that this administratrix has forgotten that she made her mark on this note in 1876.

She forgot who was security on her bond as administratrix, she admitted, in answer to a question propounded to test her memory. Is it unreasonable to conclude that she may also have forgotten all about her mark or signature?

The least inattention, the least haste, circumstances the most trivial, may occasion forgetfulness.

The possibility of forgetting readily suggests itself when it is charged, after these many years, that the act showing acknowledgment is not genuine.

This note was owned by Judge Alcibiades DeBlanc.

About the time he was promoted to the bench, the papers in his possession, with the note, were handed to the attorneys, who succeeded as attorneys of the administratrix.

His former partner, Z. T. Fournet, obtained the endorsement and attested her signature.

The note is not prescribed.

The acknowledgment defeats the pleaded prescription. Succession of Raphael Romero, 29 An. 493.

The decree appealed from recognized the mortgage with which the said note is identified, and by which it is secured.

Judgment affirmed at appellant's costs.