LAND, J.
The heirs of the deceased took an appeal from the judgment homologating the provisional account of the executor, who has moved to dismiss the appeal on the ground that the total amount of assets shown are $1,920.10, and the total amount to be distributed on said account is $1,570.27, and therefore the fund to be distributed is less than $2,000, the lower limit of the jurisdiction of the Supreme Court.
The appellants reply that the inventory shows property appraised at $3,133.20; that the provisional account distributed assets totaling $1,920.10, and does not include or account for two items on the inventory amounting to $519.20; and that therefore the fund *843 to be distributed exceeds $2,000, exclusive of interest. See Const, art. 85.
The heirs opposed the account on the ground, among others, that the executor had not accounted for the said omitted items, one a piece of real estate.
The judgment below homologated the account as rendered.
In cases of insolvency and succession, the Supreme Court has jurisdiction where “the fund to be distributed, whatever may be the amount therein claimed, shall exceed two thousand dollars, exclusive of interest.” Const, art. 85.
“In cases of insolvency, the test is, not the amount actually distributed under a provisional account, but the amount of the fund to be distributed in the case.” In re New Iberia Cotton Mills Co., 113 La. 406, 37 South. 8, citing Brierre & Sons v. Their Creditors, 43 La. Ann. 423, 9 South. 640, the doctrine of which was approved in Succession of Romero, 43 La. Ann. 977, 9 South. 919, as shown by the following extract: “In a case decided recently, it was held that successive accounts filed by a syndic, distributing the fractional part of a fund exceeding $2,000, will not divest [the] court of jurisdiction.”
The omitted items formed parts of the inventoried assets of the succession, for which the executor was bound to account to the heirs.
Motion overruled.