## Succession of MINTER.

### Opposition of UNION CENT. LIFE INS. CO.

### No. 4506.

Court of Appeal of Louisiana.  Second Circuit.

June 30, 1933.

Theus, Grisham, Davis & Leigh, of Monroe, for appellant.

Stephens & Stephens, of Coushatta, for appellee.

MILLS, Judge.

The succession of W. L. Minter was duly opened and Mrs. Hazel Minter Jordan appointed and qualified as administratrix. She applied to the court for permission to sell the entire property of the succession, consisting of movables, to pay its debts.

The Union Central Life Insurance Company intervened and prayed that it be decreed the owner of certain cotton claimed to belong to the succession and that said cotton be separately sold and the proceeds paid to intervener. This was done, the cotton selling for $1,214.27. The administratrix then filed a provisional account showing the total assets of the succession to be $2,478.71 and a total indebtedness of $9,642.20, of which amount $4,228,71 is privileged.

The Union Central Life Insurance Company then filed an opposition to the provisional account, on the same grounds, which was dismissed, the provisional account homologated and the funds ordered paid accordingly. From this judgment, the third opponent prosecutes this appeal.

The jurisdiction of the Courts of Appeal in cases of this character is limited by the Constitution to those wherein the amount in dispute or the funds to be distributed, irrespective of the amount claimed, shall not exceed $2,000 exclusive of interest.  The Constitution of 1921, art. 7, §§ 10 and 29; Succession of Johnson, 141 La. 842, 75 So. 743.

In this case the record shows that, while the amount claimed is only $1,214.20, the fund to be distributed is $2,478.71. The succession being insolvent, each item on the provisional account is affected by the judgment in this case, thereby distinguishing the situation herein presented from that in cases where the succession is solvent and the account is homologated and the creditors ordered paid, in so far as it is not opposed. It is therefore apparent that in the present case this court is without jurisdiction to pass upon the appeal, which should be and is transferred to the Supreme Court; the record to be deposited in the Supreme Court within thirty days after the record has been returned to the district court, otherwise the appeal is to stand dismissed.