199 So. 122

Succession of LECOMPTE.

No. 35967.

Nov. 4, 1940.

Arthur C. Watson, of Natchitoches, for Justin Cyriaque.

Gahagan & Pierson, of Natchitoches, for K. D. McCoy.

ODOM, Justice.

Ambrose Lecompte died intestate in the Parish of Natchitoches, and Justin Cyriaque, a half-brother of the deceased, made application to the district court to be appointed administrator of the succession. Ambrosine Lecompte, a sister of the deceased, opposed the application of Cyriaque and prayed that she be appointed administratrix.

K. D. McCoy, alleging that he was cashier of the Bank of Cloutierville, which bank held a mortgage amounting to $88 against the real estate belonging to the succession, opposed the applications of Justin Cyriaque and Ambrosine Lecompte, and prayed that he be appointed administrator. After hearing, his opposition was sus-

tained, and he was appointed. Justin Cyriaque appealed to this court.

Counsel for McCoy, the appellee, filed a motion in this court to dismiss the appeal for reasons which need not be stated because in a motion subsequently filed counsel suggest that this court is without jurisdiction ratione materiae and that, under the provisions of Act No. 19 of 1912, this court should either dismiss the appeal or transfer the case to the Court of Appeal, Second Circuit.

We find the inventory of the succession in the record. It shows that the assets left by deceased were appraised at $955.50.

Section 10, Article VII, of the Constitution of 1921, provides that the Supreme Court shall have appellate 'jurisdiction in civil suits "where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest",

■ A controversy between two or more applicants as to which one should be appointed administrator of a succession relates to, or has a bearing upon, the succession in its entirety. The real controversy involved is the right to take possession of, administer, and distribute the assets. The subject matter involved is the whole succession, and the value of the assets thereof, as shown by the inventory, is the test of appellate jurisdiction. The amount to be distributed in this case being less than $2,000, this court is without jurisdiction. Succession of Susan B. Thomas, 35 La.Ann. 19; Succession of Bedford, 38 La.Ann. 244; Succession of Duffy, 50 La.

Ann. 795, 798, 24 So. 277; Succession of Johnson, 141 La. 842, 75 So. 743; Succession of Wilson, 175 La. 1078, 145 So. 13; Succession of Wengert, 178 La. 1027, 152 So. 747.

Counsel for appellant says in his brief that Article 1049 of the Code of Practice governs. That article of the Code reads as follows: "Appeals shall be carried from the courts of probate directly to the Supreme Court, in all probate matters when the amount in dispute shall exceed five hundred dollars, exclusive of interest."

The Code of Practice was adopted in 1870 while the Constitution of 1868 was in effect. Article 74 of that constitution provided that the Supreme Court should have appellate jurisdiction only, and that its jurisdiction should "extend to all cases when the matter in dispute shall exceed five hundred dollars."

That article of the Constitution of 1868 and Article 1049 of the Code of Practice were superseded by Section 10, Article VII, of the present constitution. The Court of Appeal, First Circuit, correctly so held in Succession of Lasseigne, 181 So. 879.

■ For the reasons assigned, this case is ordered transferred to the Court of Appeal, Second Circuit, provided the appellant shall file the record in that court within 30 days from the date on which this decree becomes final; otherwise the appeal shall stand dismissed; the appellant to pay the costs of the appeal to this court, all other costs to await the final disposition of the case.