29 So.2d 55

Successions of ETHRIDGE et al.
No. 38250.

Nov. 12, 1946.

Rehearing Denied Dec. 13, 1946.

P. E. Brown, of Arcadia, for defendant in rule and appellant.

McBride & Goff, of Ruston, for defendant-appellee.

HAWTHORNE, Justice.

Appellee has filed a motion to dismiss the appeal on the ground that this court is without jurisdiction ratione materiae, that is, that the amount in dispute or the fund to be distributed, irrespective of the amount claimed, does not exceed the sum of $2000, pursuant to Article VII, Section 10, of the Louisiana Constitution. In the alternative, appellee asks that, if this appeal be not dismissed, it be transferred to the Court of Appeal, Second Circuit.

Appellant has filed an answer to the motion to dismiss the appeal in which she urges that it was filed too late, not having been filed within three days after the transcript was lodged in the Supreme Court, and, further, that the amount in dispute exceeds $2000 and is therefore sufficient to give this court jurisdiction.

The appellant, Willie Ethridge, filed a petition in the Third Judicial District Court in and for the Parish of Lincoln, praying that she be appointed administratrix of the successions of Alex Ethridge and Mary Ethridge, parents of her deceased husband. In this petition she described the property left by the decedents, Alex and Mary Ethridge, to be worth less than $500 and to consist of 40 acres of land, and alleged that there were privileged and ordinary debts due by the estates of the decedents which rendered an administration of

their successions necessary. Attached to her petition is an affidavit made by two individuals appraising the property belonging to the successions at $12 per acre, or a total of $480. In due time letters of administration were issued to the applicant.

Thereafter she petitioned for, and obtained, an order of the district court to sell the property, alleging that it was necessary to sell the property for the purpose of realizing sufficient funds to pay the debts of these successions. Prior to the day fixed for the sale of the property, Floyd Ethridge, a son of Alex and Mary Ethridge, filed a rule on the administratrix, Willie Ethridge, seeking a preliminary injunction to prevent the sale of the property. In this rule he alleged that Alex Ethridge died in 1898 and that Mary Ethridge died in 1929, and that neither of the decedents nor their successions owed any debts at the time the appellant, Willie Ethridge, qualified as administratrix, or, in the alternative, that, if they did, the debts had long since prescribed; that the successions of the decedents were closed, as the heirs had gone into possession of the property and asserted acts of ownership thereover, and that there was no necessity of an administration. Appellee prayed for, and was granted, a temporary restraining order.

In due time the rule was tried, and the lower court rendered judgment granting a preliminary injunction.

On application of appellant herein, defendant in this rule, a rehearing was granted. Pending this rehearing, appellee, Floyd Ethridge, filed a petition in the proceedings in which he tendered the sum of $100, estimated to cover the costs of the administration, including court costs, attorney's fees, etc., and again averred that no further debts were owed by the successions. He obtained an order ruling the administratrix to show cause why this amount should not be accepted in full settlement of all costs of the successions and the administratrix be discharged.

The administratrix answered this rule, denying that the amount of $100 tendered by Floyd Ethridge was sufficient to pay the costs incurred in these successions, and alleging that the estates were indebted to her for taxes paid and improvements placed on the property belonging to these successions, and for care, lodgings, doctors' bills, and burial expenses for Mary Ethridge, one of the deceased parties.

In the alternative she prayed for judgment in reconvention against Floyd Ethridge in the sum of $3343.28, which she alleged was the amount of indebtedness incurred and paid by her and her husband, Aurelius Ethridge, now deceased, for the benefit of his parents' estates, and further for a claim in the sum of $1000, which she alleged "she has as a widow in necessitous circumstances by reason of the fact that she has accepted the succession of Aurelius Ethridge. That she is a widow

in necessitous circumstances and therefore has a claim against all the property inherited by her husband, Aurelius Ethridge, out of the estate of Alex Ethridge and Mary Ethridge."

After final trial of these rules, the district court rendered judgment holding that there were no legal claims or debts against either the Succession of Alex Ethridge or the Succession of Mary Ethridge, other than the costs of court incurred in the administration thereof, that the $100 tendered by plaintiff in rule was sufficient to discharge all costs, and that no administration was necessary, and ordering, among other things, that the administratrix be discharged from her trust and her bond as such cancelled.

From this judgment the administratrix appealed to this court, and it is this appeal which appellee seeks to have dismissed or, in the alternative, transferred to the Court of Appeal, Second Circuit.

The lower court, in its order granting the appeal, made it returnable to this court on June 3, 1946, and the transcript of appeal was actually filed in this court on May 31, 1946. The motion to dismiss the appeal was filed on June 12, 1946, more than three days after either the return date or the date on which the transcript was actually filed.

Appellant urges that this motion was not timely filed for the reason that it was not filed within three days after the transcript was lodged in this court.

What we think appellant intended to urge was that the motion was not filed within three days after the return date rather than not within three days after the transcript was filed. However, in either event, we do not think there is any merit in this contention for the reason that this motion is not aimed at any defect, error, or irregularity in the order of appeal or in the appeal bond, imputable to the appellant, but is directed at our jurisdiction ratione materiae and strikes at the foundation of the right of appeal to this court, and such motion may be filed at any time. The jurisprudence is well settled that, even in the absence of a motion, this court will take notice ex proprio motu of its lack of jurisdiction. Bercegeay et al. v. Techeland Oil Corporation et al. (Talbot, Intervener), 209 La. 33, 24 So.2d 242, and authorities therein cited.

The real controversy is whether an administration of these successions is necessary. This being so, the subject matter is the entire value of the assets belonging to the successions. The value of these successions as fixed by appellant herself in her application to be appointed administratrix is much less than $2000, and this fact is further established by the affidavit of two disinterested parties which she attached to her petition, showing that all the property belonging to these successions is 40 acres of land valued at $480.

It is true that the claims asserted exceed the sum of $2000, but we find the rule to

be, as stated in Succession of Lecompte, 196 La. 287, 199 So. 122, 123, that in such a case the value of the assets belonging to such successions is the test of appellate jurisdiction. In that case we said:

"A controversy between two or more applicants as to which one should be appointed administrator of a succession relates to, or has a bearing upon, the succession in its entirety. The real controversy involved is the right to take possession of, administer, and distribute the assets. The subject matter involved is the whole succession, and the value of the assets thereof, as shown by the inventory, is the test of appellate jurisdiction. * * *"

In Succession of Thomas, 35 La.Ann. 19, this court, in dismissing an appeal from a judgment in which the lower court had refused to appoint appellant administrator of a succession of which he alleged that he was a creditor in the amount of $3800, said:

"The applicant contends that our jurisdiction is to be tested by the sum he claims, but that is a mistake. The value of the succession—the property to be administered—determines the jurisdiction in this case."

On rehearing we reinstated our original decree, saying:

"We * * * said, that from the fact that the appellant claims to be a creditor for more than $1,000, it does not at all

follow that we have jurisdiction over a contest for the administration of a succession, the assets of which do not exceed $1,000 [the amount necessary to give this court appellate jurisdiction under the Constitution of 1879]. In other words, we hold that the amount of a claim preferred in such a contest is not the test of our jurisdiction. In such controversies the question is to be determined by the value of the matter in dispute, the possession of which is sought, which in succession cases is the value of the assets, regardless of the liabilities. * * *"

In Succession of Duffy, 50 La.Ann. 795, 24 So. 277, 278, this court stated:

"* * * The matter before us therefore takes the shape of an appeal from the refusal by the court of an application made to it by a creditor of a succession, which is still under administration, for an order to compel the succession representative to render an account as such. The succession exceeds in value the amount necessary to give this court appellate jurisdiction should the value of the succession be the fact which is determinative of the jurisdiction.

"No decision upon this precise point has been cited to us, and we know of none ourselves.

"The proceeding, in its features, is akin to an application made by a creditor of a succession to have it placed under administration.

"In such case the value of the succession, and not the amount of the claim of the creditor, would be the test of jurisdiction.

\*　　\*　　\*　　\*　　\*　　\*

"Whenever an application is made to a court for an order bearing upon the succession in its entirety we must, by reason of the subject matter of the application, rest our jurisdiction upon the value of the succession. \* \* \*"

In Succession of Johnson, 141 La. 842, 75 So. 743, we used the following language:

"In cases of insolvency and succession, the Supreme Court has jurisdiction where 'the fund to be distributed, whatever may be the amount therein claimed, shall exceed two thousand dollars, exclusive of interest.' \* \* \*."

In Succession of Wengert, 178 La. 1027, 152 So. 747, this court stated the rule to be that, "in a succession or other concurso proceeding, the test of appellate jurisdiction is not the amount ordered paid out or distributed provisionally, but the whole amount of the fund to be distributed".

For the reasons assigned, this case is ordered transferred to the Court of Appeal, Second Circuit, provided the appellant shall file the record in that court within 30 days from the date on which this decree becomes final; otherwise the appeal shall stand dismissed.