This is an appeal from a judgment rendered in summary proceedings which were initiated for the purpose of enjoining the sale of succession property, and for the further purpose of removing an administratrix.
In October of 1944 one Willie Ethridge, by probate proceedings in the Third District Court of Lincoln Parish, Louisiana, prayed for appointment as administratrix of the Successions of Alex and Mary Ethridge, and after advertisement and proper proceedings the prayer was granted, letters of administration were issued, and she was duly qualified.
It appears that Alex Ethridge died in or about the year 1898, and his wife, Mary Ethridge, died in or about the year 1929, leaving a number of children and heirs. One of these children was a son, Aurelius Ethridge, husband of petitioner, Willie Ethridge, whom he married in or about 1919. After the marriage Aurelius and Willie Ethridge moved onto the home place, a 40-acre tract of land in Lincoln Parish, where they lived until the time of the death of Aurelius Ethridge on January 20, 1942. *Page 148 
Thereafter, and up to the present time Willie Ethridge has continued to live of the same premises.
In her petition, by which she applied for appointment as administratrix, Willie Ethridge alleged the existence of certain debts as the basis for the necessity of administration of the estate, and, after her appointment, she prayed for authority to sell the 40-acre tract of land for the purpose of paying succession debts. The application was granted and the sale advertised to be held on December 5, 1945.
On December 3, 1945, Floyd Ethridge, a son of Alex and Mary Ethridge, instituted proceedings by rule for the issuance of a preliminary injunction restraining the sale of the succession property, alleging in connection therewith that there were no debts due by the Successions of Alex and Mary Ethridge; that said successions had been closed and the heirs had gone into possession thereof.
A temporary restraining order was issued and after trial on the rule defendant's exceptions of no cause and right of action and of vagueness having been heard and overruled, there was judgment granting the preliminary injunction. Defendant in rule, Willie Ethridge, administratrix, filed a motion for rehearing, which was granted. On December 18, 1946, Floyd Ethridge, plaintiff in rule, filed a second petition praying issuance of a rule requiring the administratrix to show cause why an amount which he tendered in connection with the filing should not be accepted in full settlement of the costs of administration and the administratrix discharged.
Defendant in rule filed exceptions to the procedure and of no cause and no right of action, all of which were overruled.
The rehearing on the rule for an injunction, and the original hearing on the rule seeking the discharge of the administratrix, were tried on March 25, 1946; judgment was rendered on said date, and read, signed and filed on April 8, 1946. From this judgment defendant in rule, Willie Ethridge, administratrix, took an appeal to the Honorable The Supreme Court of the State of Louisiana. On motion to dismiss the appeal the case was ordered transferred to this Court, Succession of Ethridge, 210 La. 1038, 29 So.2d 55.
Before entering into a discussion of the points involved, we feel it will be enlightening to set forth in full the judgment which was rendered by the lower court, as follows:
"This cause having regularly come before the Court on rehearing on the original rule filed herein to determine whether or not there were any debts owed by either succession, and for a preliminary injunction, and also on the rule returnable herein on March 25, 1946 (as extended and set for trial), the law and the evidence being in favor thereof, and for the reasons orally assigned;
"It is Ordered, Adjudged and Decreed, that there are no outstanding legal claims or debts against either the Succession of Alex Ethridge or against the Succession of Mary Ethridge, both deceased, other than the costs of court in connection with the administrations.
"It is Further Ordered, Adjudged and Decreed, that the heirs of Alex Ethridge and Mary Ethridge, or any one of said heirs, have the right to have the administration of said successions terminated upon paying the costs of court and attorney's fees, which said Attorney's fees are hereby fixed at the sum of Thirty-Five No/100 ($35.00) Dollars.
"It is Further Ordered, Adjudged and Decreed, that the deposit of One Hundred ($100.00) Dollars heretofore made by Floyd Ethridge, one of the heirs, in the registry of the Court, was an amount sufficient to discharge and pay said costs of court and attorney's fees, as of the date said tender was made; and the right of plaintiff in rule to supplement said deposit in an amount sufficient to pay all costs of court to date of the signing of this judgment, be and the same is hereby recognized and reserved to plaintiff in rule.
"The Clerk of Court is hereby authorized to pay to P. K Brown, Attorney of record for Willie Ethridge, Administratrix, the sum of Thirty Five ($35.00) Dollars, as attorney's fees, out of said sum of One Hundred ($100.00) Dollars deposited in the registry of the Court, and to apply the remainder *Page 149 
thereof toward paying the costs of court in this numbered and entitled cause, including the cost of advertising; and to pay to plaintiff in rule or his attorneys any residue thereof.
"It is Further Ordered, Adjudged and Decreed that said Willie Ethridge be and she is hereby discharged from her trust as Administratrix of the Successions of Alex Ethridge and Mary Ethridge, both deceased, and that her bond as such be cancelled, conditioned upon plaintiff in rule satisfying and discharging the costs of Court through the date of the signing of this judgment.
"Judgment rendered in open Court on the 25th day of March, 1946.
"Judgment read, signed and filed in open Court on this the 8th day of April, 1946.
"E.L. Walker "Judge"
Examination of the above judgment discloses the fact that while the Court made a pronouncement declaring that there were no debts owed by the Successions of Alex or Mary Ethridge, and, therefore, inferentially, that there was no need for an administration, which finding was vital to a determination of the right of plaintiff in rule to an injunction restraining the sale of the succession property for the purpose of paying debts, there is no pronouncement whatever in the judgmentdecreeing the issuance of a preliminary injunction.
It is quite true that the Court upon original hearing of the rule for an injunction ordered the issuance thereof. But, subsequently, the Court granted a rehearing which, of course, had the effect of setting aside the original judgment. And, after rehearing on the rule, the judgment actually rendered and signed is silent as to the injunction, although it is specifically stated in the preamble of the judgment rendered that the cause was "before the Court on rehearing on theoriginal rule * * * for a preliminary injunction * * *".
[1] It is too well settled to need any citation that a judgment is the controlling basis for the consideration of an appeal. The latest pronouncement of this Court on this point is to be found in the case of Selfe v. Travis, La. App.,29 So.2d 786, 79.2. In the course of the opinion dealing with a variance between the minutes and the judgment, Judge Taliaferro took occasion to state: "But the judgment signed by Judge O'Neal is not susceptible of such construction. It is unambiguous and controls over the minutes."
The minutes of the lower court, under date of January 17, 1946, show that the preliminary injunction was granted. But, as has been pointed out and as reflected by the minutes of February 25, 1946, a rehearing was granted, and on rehearing the matter was tried on March 25, 1946. Neither the minutes under date of March 25, 1946, nor the judgment as actually signed contain any reference to the action of the Court with regard to the issuance vel non of the injunction.
[2] For these reasons it is apparent that there is no injunction presently in effect by virtue of any valid and subsisting judgment of the Court. It necessarily follows that this Court cannot therefore make any pronouncement upon the right of plaintiff in rule to an injunction.
The only other point which remains to be disposed of bears upon that part of the judgment appealed from decreeing the discharge of the administratrix.
[3] The exception to the procedure, advanced on behalf of defendant in rule, which exception was overruled by the learned Judge of the District Court, was based upon the contention that proceedings for the removal of an administrator cannot be had summarily. We think this point is unquestionably well taken.
In Succession of Boutte (In re Baudier, et al.), 199 La. 182,5 So.2d 543, 544, this matter of procedure is definitely determined in the opinion of the Court in the following words: "It is well settled that an administrator's letters of administration are prima facie evidence of his authority and of the validity and regularity of his appointment which cannot be questioned in a collateral proceeding, Succession of Sullivan,175 La. 813, 144 So. 505. It is equally well settled that anaction to remove an administrator cannot be maintained bysummary proceedings but must be brought by ordinary suit. Succession of *Page 150 
Esteves, 182 La. 717, 162 So. 576; Succession of Berdennagel et al., 183 La. 398, 163 So. 843; Succession of Porche,187 La. 1069, 175 So. 670." (Emphasis ours)
[4] Under the facts to which attention has been called, there is no question as to the conclusion that such part of the judgment appealed from as ordered the discharge of the administratrix is in error, being in response to proceedings by summary process, which process for such purpose is clearly unauthorized.
Since the judgment is silent with reference to any pronouncement on the injunction proceedings, and since that part of the judgment discharging the administratrix is in error, the question arises as to what action should be taken regarding the remaining decrees comprehended in the judgment. These decrees, briefly summarized, had the effect:
(1). Of a judicial finding and pronouncement to the effect that no outstanding legal claims or debts other than costs of court existed against the Successions of Alex and Mary Ethridge.
(2). Of declaring the right of any of the heirs of Alex and Mary Ethridge to terminate the administration of said successions upon payment of court costs and attorney's fees; and
(3). Of accepting the amount tendered by plaintiff in rule, with the right to supplement same if necessary, for application to payment of court costs and attorney's fees, coupled with a further directional decree to the Clerk of Court as to application of the amount deposited.
Consideration of these enumerated elements of the judgment leads us to the conclusion that the decree numbered (1) above is of importance only as establishing the basis of the right of plaintiff in rule to the issuance of an injunction restraining the sale of succession property for the alleged purpose of paying non-existent succession debts. As the judgment contains no decree as to the injunction, this subordinate finding loses its importance.
Similarly, the findings comprehended by (2) and (3) above have a bearing only upon the question of the removal of the administratrix, and since we have concluded that this nature of procedure is improper to effect such purpose, it must follow that the decrees as noted in (2) and (3) cannot stand alone.
[5] We perceive no equitable benefit to be derived, nor do we find any authority in law for maintaining any minor decrees of a judgment when the main issues to which such decrees are merely auxiliary indicate the necessity for reversal.
For the reasons assigned, the judgment appealed from is annulled, reversed and set aside and the rules discharged. All costs of the proceedings in both Courts are taxed against the appellee, plaintiff in rules.