YARRUT, Judge.
This proceeding was instituted as an application to the Court by the Trustees of the St. Charles Land Trust, pursuant to LSA-R.S. 9:2233, for instructions concerning the administration of their Trust. The Trustees seek instructions authorizing them to comply with requests that they effect and recognize transfers of the beneficial interests in the Trust of deceased nonresident beneficiaries, pursuant to orders of the courts in which their estates are being administered, without requiring their Successions to be opened in Louisiana, and without payment of Louisiana inheritance taxes.
The St. Charles Land Trust was organized as a Louisiana Trust upon dissolution of St. Charles Land Company, a Maryland corporation. The assets of the dissolved corporation were transferred to the Trust, and the former shareholders of the corporation became beneficiaries of the Trust. The property of the Trust consists of mineral servitudes on lands in St. Charles Parish, and cash.
Article 3b of the Trust Instrument provides expressly that “the interests of the beneficiaries are classified as movable property, notwithstanding that the trust estate consists in whole or in part of immovable property.”
One of the beneficiaries of the Trust died in California where she was domiciled and where her estate is now being administered. The Trustees have been requested to effect or recognize transfer of this beneficiary’s beneficial interest pursuant to the orders of the California court, without requiring the beneficiary’s Succession to be opened in St. Charles Parish, and without payment of the Louisiana inheritance tax. The Trustees seek instructions authorizing them to comply with this request, and with similar requests received in the future. The decedent left no forced heirs, hence the only adverse party is the Defendant Sheriff who is ex-officio Inheritance Tax Collector of St. Charles Parish.
The question thus presented is whether the deceased nonresident beneficiary’s beneficial interest under the Trust constitutes an interest in immovable property in Louisiana. If the beneficial interest is an ownership interest in the Trust’s immovable property in Louisiana, it is subject to the Louisiana law of succession and to Louisiana inheritance tax. If, on the other hand, the beneficial interest is incorporeal movable property, its transmission on the owner’s death is governed by the law of her domicile and is not subject to Louisiana inheritance tax. Succession of Thomas, 35 La.Ann. 19; LSA-R.S. 47:2404.
The District Court rendered judgment instructing the Trustees that the decedent’s beneficial interest in the Trust is immovable property, transferable only pursuant to Louisiana succession proceedings, and is subject to Louisiana inheritance tax. The Trustees have appealed.
Briefly, the question presented here is whether or not the interest of a nonresident beneficiary in a Louisiana trust, passing at death to another nonresident, is subject to an inheritance tax, because the main property of the trust estate is Louisiana lands. *130 While counsel suggests the answer depends upon whether the interest transmitted by death is an intangible movable or an immovable, we find other pertinent considerations:
For economic reasons the Louisiana Constitution was amended to authorize the Legislature to provide for tenure of property in trust. Const. Art. IV Sec. 16, as amended in 1962.
Pursuant to this mandate, the Legislature adopted the Louisiana Trust Code, which became effective July 29, 1964. LSA-R.S. 9:1721 et seq.
As the Louisiana Trust Code was adopted pursuant to a direct mandate of the people, it should prevail over the Louisiana Inheritance Tax law (LSA-R.S. 47:2401 et seq.) which is a legislative enactment, not mandated by the Constitution.
Pretermitting this question of priority, there still remains the prohibition, contained in the Inheritance Tax Statute, against the imposition of the tax upon any transfer of intangible movable property owned by a person not domiciled in the State at the time of his death. LSA-R.S. 47:2404.
A beneficial interest in a trust estate is as much an intangible as a share of corporate stock, and there is no question that the transmission of the latter by death would not be subject to inheritance tax under the circumstances.
Even if the trust estate consists entirely of lands, neither the principal nor income beneficiary enjoys any dominion or ownership over the Corpus of the estate during the existence of the trust. During the trust neither an income nor a principle beneficiary has the right to exercise any semblance of ownership in the Corpus of the estate. Such a beneficiary is very much in the same situation as a shareholder in a corporation. He cannot exercise any ownership over any of the corporation’s property. Only the corporate directors can administer the property as fiduciaries the same as the trustee under a trust. The share of stock remains an incorporeal right even though the only asset of the corporation is an immovable. No inheritance tax is due on the transmission by the death of a nonresident owner of shares in a Louisiana corporation, even though the corporation’s sole asset is land in Louisiana.
The beneficiary in the instant case was exactly in the same situation as a shareholder, except that a corporation can be liquidated by 66^3% of the shares, whereas in the instant case the lands cannot be sold without the consent of 75% of the beneficiaries, and conversely 75% can order the sale over the protest of 25%, which further establishes there is no direct ownership in any one beneficiary.
LSA-C.C. art. 489 plainly states that ownership “is vested in him who has the immediate dominion of it, and not in him who has a mere beneficiary right * *
The beneficiaries in the instant case are not owners of the land, held in Trust; but mere beneficiaries of the Trust.
A beneficiary of income under a trust (like a shareholder in a corporation) has a proximate interest in the distribution of income. A principle beneficiary has only a future ownership in the corpus of the trust which he cannot realize until expiration of the trust (or liquidation of the corporation) .
The argument that the beneficial interest is an immovable lacks substance.
LSA-C.C. art. 474 defines movables as including shares in corporations, perpetual rents, and annuities — whether provided on a price in money or on the condition of the alienation of an immovable, and LSA-C.C. art. 475 fixes as movables all things corporeal and incorporeal which do not have the character of immovables by their nature or by the disposition of law. We know of no law that makes a beneficial interest in a trust estate an immovable; and certainly it is not such by nature. No law is cited that *131 makes a beneficial interest in a trust an immovable, even if the corpus of the estate is an immovable.
As we understand the Trust involved here, the death of the nonresident beneficiaries has not terminated the Trust, but has merely served to substitute living nonresidents of the State as beneficiaries for deceased nonresident beneficiaries.
The Louisiana Trust Code does not split title to land into legal title held by the trustee, and beneficial title held by the beneficiary, as at common law. On the contrary, the Code vests full ownership of the trust property in the trustee, and the beneficiary has no in rem ownership in the trust property, but only an in personam right against the trustee to enforce the trust.
The express prohibition against imposition of the tax upon a transfer of an intangible movable, owned by a nonresident, in the Inheritance Tax Statute would have to be ignored to impose an inheritance tax upon the transfer under consideration. (Apparently the shareholders of the former corporation decided to avail themselves of the Louisiana law and vested their interests in a trust instead of a corporation. The only difference is in management.)
Accordingly, the judgment appealed from is reversed and judgment rendered granting the Trustees’ application for authority to effect transfer of the beneficiary’s interest, pursuant to the orders of the California court administering her estate, without payment of Louisiana inheritance tax; all costs to be taxed as provided by law.
Judgment reversed.